**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kenneth CHRISTUNAS, Defendant–
Appellant.**

**No. 96–1340.**

United States Court of Appeals,
Sixth Circuit.

Argued June 5, 1997.

Decided and Filed Sept. 30, 1997.

Kathleen Moro Nesi (argued), Asst. U.S. Atty., David Debold (briefed), Office of the U.S. Attorney, Detroit, MI, for Plaintiff–Appellee.

Marshall E. Goldberg (argued and briefed), Detroit, MI, for Defendant–Appellant.

Kenneth Christunas, Milan, MI, pro se.

Before: MARTIN, Chief Judge; RYAN and BATCHELDER, Circuit Judges.

## OPINION

BATCHELDER, Circuit Judge.

Defendant Kenneth Christunas appeals from a final order of criminal forfeiture issued January 31, 1996, (the "January 1996 order"). While defendant's notice of appeal references the January 1996 order, in this appeal, the defendant primarily challenges the validity of the preliminary forfeiture order issued against him on February 22, 1994, (the "February 1994 order"). The threshold issue before this court is whether we have jurisdiction to review defendant's challenges to his 1994 preliminary forfeiture order. For the reasons that follow, we hold that the February 1994 order was a final, appealable judgment as to the defendant and, consequently, defendant's failure to file a timely appeal deprives us of jurisdiction to review defendant's challenges to that order.

### I.  BACKGROUND

On July 16, 1992, a federal grand jury returned a superseding indictment against defendant Christunas containing multiple counts of various drug and money laundering violations. Included in the indictment was a count alleging that Christunas engaged in a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. § 848. The superseding indictment also charged that the government was entitled to forfeiture of property that was obtained from or used to facilitate Christunas's drug offenses. *See* 21 U.S.C. § 853(a). The indictment listed two pieces of real property subject to forfeiture, as well as $5,000,000 in U.S. currency. The forfeiture provision also informed the defendant that the government intended to confiscate substitute assets up to the value of the property listed as subject to forfeiture, if necessary. *See* 21 U.S.C. § 853(p).

The trial was bifurcated to allow the guilt and forfeiture issues to be separately considered. On April 14, 1993, the jury returned a guilty verdict against the defendant, and on January 10, 1994, the district court sentenced defendant to 292 months imprisonment for operating a continuing criminal enterprise and 240 months for possession with intent to distribute marijuana and conspiracy to im-

port marijuana. Because the forfeiture issue was settled by consent judgment, the jury did not return for the forfeiture phase.

On February 22, 1994, pursuant to the agreement entered into between the government, the defendant, and the defendant's wife, the district court entered a Preliminary Order and Consent Judgment of Forfeiture, ordering the defendant to forfeit his interest in three parcels of real property and four partnership properties. The February 1994 order also directed the U.S. Marshal to record copies of that order in each county where forfeited property was located and to publish notice as required by the forfeiture statute. *See* 21 U.S.C. § 853(n)(1). The defendant appealed his conviction and sentence, but did not appeal the February 1994 preliminary forfeiture order. This court affirmed his conviction and sentence in an unpublished opinion. *United States v. Micou*, Nos. 93–2161/2163/2162, 94–1070, 1995 WL 99168 (6th Cir. March 8), *cert. denied*, — U.S. —, 116 S.Ct. 178, 133 L.Ed.2d 117 (1995).

After receiving no third-party claims, the district court entered two separate orders finalizing the United States's interest in the various forfeited properties. First, in June 1994 the court entered a final order giving the United States clear title to one of the parcels of real property—33642 Beechnut, Westland, Michigan. Second, on January 31, 1996, the district court entered a final order giving the United States clear title to the four partnerships interests forfeited by defendant in February 1994. The forfeiture of the two parcels of real property remaining— 16312 Hollywood, Romulus, Michigan and 15103 Holly Drive, Thompsonville, Michigan—was vacated because defendant's interest in those properties had already been extinguished through tax sales.

On March 11, 1996, the defendant filed an appeal of the January 31, 1996, order. Upon consideration of the government's motion to dismiss the appeal, on May 31, 1996, this court remanded the case to the district court to determine whether the time allotted for defendant's notice of appeal from the January 31, 1996, order should be extended based on excusable neglect. The district court determined that it should, and the appeal was allowed to proceed.

The government then moved to dismiss the defendant's appeal on the ground that the defendant challenged determinations that were final as to him in the February 1994 order. On August 23, 1996, we denied the government's motion because the defendant's notice of appeal was as to the January 1996 order, and that notice was timely filed. At that time, we held that the issue of whether defendant can challenge, by a notice of appeal filed in 1996, determinations that were final as to him in February 1994, would be considered by the hearing panel that considered the merits of the appeal.

## II. DISCUSSION

The government contends that defendant's appeal comes two years too late and should be dismissed because the February 1994 order was final as to defendant, and because he is not challenging anything that is new in the January 1996 order. The defendant simply responds by claiming that this issue was resolved by this court's previous order declining to dismiss this appeal. The defendant entirely misapprehends our prior order. The issue of appealability is properly before us, and, for the reasons that follow, we now hold that the February 1994 preliminary forfeiture order was a final, appealable judgment as to the defendant. Because he did not appeal that order within ten days of its entry, we lack the jurisdiction to review challenges to it.

█ Our cases make it clear that the timely filing of a notice of appeal is both a mandatory and a jurisdictional prerequisite. *United States v. Guardino*, 972 F.2d 682, 685 (6th Cir.1992); *United States v. Hatfield*, 815 F.2d 1068, 1073 (6th Cir.1987). In a criminal case, "a defendant shall file the notice of appeal in the district court within 10 days after the entry either of the judgment or order appealed from." FED. R.APP. P. 4(b). Pursuant to 28 U.S.C. § 1291, we have jurisdiction to consider a final decision of the district court. Hence, we must determine whether the district court's preliminary forfeiture order is a final decision that must be

appealed within the ten days prescribed by Rule 4(b).

■ We first note that this court has entertained appeals from an initial forfeiture order without questioning whether the preliminary order is final for purposes of appeal. *See, e.g., United States v. Smith,* 966 F.2d 1045 (6th Cir.1992). While we have not squarely addressed this issue, the Tenth Circuit in *United States v. Libretti,* 38 F.3d 523, 527 (10th Cir.1994), *aff'd,* 516 U.S. 29, ——, 116 S.Ct. 356, 363, 133 L.Ed.2d 271 (1995), found that a forfeiture order not yet final as to third parties was a final order, subject to review. The court reasoned that the forfeiture order was a sentence and, therefore, constituted a final, appealable decision as to the defendant. *Id.* at 527. The court further noted that, "[a]lthough the district court has jurisdiction to consider third party claims to property after a notice of appeal is filed, the district court lacks jurisdiction to consider [ ] defendant's claims." *Id.* (citation omitted). We find the Tenth Circuit's rationale sound.

We also find significant the Supreme Court's subsequent review of the Tenth Circuit's decision. *Libretti v. United States,* 516 U.S. 29, ——, 116 S.Ct. 356, 363, 133 L.Ed.2d 271 (1995). The Supreme Court granted certiorari to resolve the issue of whether Rule 11(f) of the Federal Rules of Criminal Procedure—which forbids a court to enter judgment upon "a plea of guilty" without assuring that there is "a factual basis" for the plea agreement—is applicable to a forfeiture provision contained in the plea. 516 U.S. at ——, 116 S.Ct. at 362. The Court held that Rule 11(f) is not applicable because forfeiture

is an element of the sentence and does not act as a separate substantive offense. *Id.* at ——, 116 S.Ct. at 363. The Court did not specifically address the issue of whether a preliminary forfeiture order was a final, appealable order. However, it noted the Tenth Circuit's holding in this regard, declared that a criminal forfeiture order was an element of the sentence, and exercised jurisdiction over defendant's challenges to his preliminary forfeiture order. The Court's review of the preliminary forfeiture order, in light of the Tenth Circuit's decision, provides a strong indication that the order is a final, appealable order.

Finally, we note that the actual effect of a preliminary forfeiture order is clearly that of a final order as to the defendant. A preliminary forfeiture order terminates all issues presented by the defendant and leaves nothing to be done except to enforce by execution what has been determined.

■ Accordingly, we find that the preliminary forfeiture order was a final, appealable judgment as to the defendant; while upon the filing of a notice of appeal, the district court would have been divested of jurisdiction to entertain any claims as to defendant, the district court would have retained limited authority to decide matters not inconsistent with the pendency of the appeal, *i.e.,* third party claims.[1] The defendant was, therefore, required to file a timely notice of appeal pursuant to FED. R.APP. P. 4(b). Compliance with this rule is a jurisdictional prerequisite which this court can neither waive nor extend. *United States v. Guardino,* 972 F.2d 682, 685 (6th Cir.1992); *United States v. Wrice,* 954 F.2d 406, 408 (6th Cir.) (per curiam), *cert. denied,* 504 U.S. 945, 112 S.Ct. 2286, 119 L.Ed.2d 211 (1992); *United States v. Hatfield,* 815 F.2d 1068, 1073 (6th Cir.

---

1. Recently, Rule 32 of the Federal Rules of Criminal Procedure was amended and the new provision, Rule 32(d)(2), effective for sentencing proceedings in cases in which the defendant is convicted on or after April 24, 1996, provides:

   **Criminal Forfeiture.** If a verdict contains a finding that property is subject to a criminal forfeiture, or if a defendant enters a guilty plea subjecting property to such forfeiture, the court may enter a preliminary order of forfeiture after providing notice to the defendant and a reasonable opportunity to be heard on the timing and form of the order. The order of forfeiture shall authorize the Attorney General to seize the property subject to forfeiture, to conduct any discovery that the court considers

   proper to help identify, locate, or dispose of the property, and to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and the rights of third parties. At sentencing, a final order of forfeiture shall be made part of the sentence and included in the judgment. The court may include in the final order such conditions as may be reasonably necessary to preserve the value of the property pending any appeal.
   FED.R.CRIM P. 32(d)(2) (1996). This provision makes it clear that a forfeiture order, whether preliminary or final as to third-party claims, is a final order as to the defendant and shall be made part of the sentence and judgment.

1987). Defendant's notice of appeal, filed on March 11, 1996, was untimely. Accordingly, we lack the jurisdiction to review defendant's challenges to the February 1994 order.

■■■ Aside from the multiple challenges to the February 1994 order, the defendant makes two arguments concerning the January 1996 order which are wholly without merit. First, he argues that the 1996 final order of forfeiture was improperly filed two years after the defendant was sentenced. He relies on FED.R.CRIM.P. 32(d) (1996), which provides that a "final order of forfeiture shall be made a part of the sentence and included in the judgment." This rule was not effective on the date that the district court rendered its final order and cannot form the basis for reversible error. Second, the defendant argues that no consideration was given to his wife's innocent-owner claim. It is well-established that the defendant has no standing to assert his wife's (third-party) rights. *See United States v. Hernandez–Escarsega*, 886 F.2d 1560, 1576 (9th Cir. 1989).

### III. CONCLUSION

For the foregoing reasons, we **DISMISS** defendant's challenges to the February 1994 order for lack of jurisdiction and **AFFIRM** the district court's January 1996 order.