UNITED STATES of America, Plaintiff–Appellee,

v.

Robert Merle BENNETT, Defendant–Appellant.

No. 97–30255.

United States Court of Appeals, Ninth Circuit.

Submitted May 5, 1998.[*]

Decided June 12, 1998.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Ninth Cir. R. 34–4.

Gene Grantham, Seattle, WA, for Defendant–Appellant.

Peter O. Mueller, Assistant United States Attorney, Seattle, WA, for Plaintiff–Appellee.

Before: THOMPSON and TASHIMA, Circuit Judges, and STAGG, District Judge.**

---

** The Honorable Tom Stagg, Senior United States District Judge for the Western District of Louisiana, sitting by designation.

1. Section 1963(a)(3) provides for forfeiture of "any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity ... in violation of section 1962."

TASHIMA, Circuit Judge:

■ Defendant Robert Bennett appeals the district court's order holding that his Individual Retirement Account ("IRA" or "account") was not exempt from forfeiture under 18 U.S.C. § 1963 and that his daughter had no cognizable interest in the account. Because we vacate the district court's order for lack of jurisdiction, we do not reach the merits of Bennett's claim. A district court's assumption of jurisdiction is reviewed de novo. *United States v. Juvenile Male*, 118 F.3d 1344, 1346 (9th Cir.1997); *United States v. Vasquez–Velasco*, 15 F.3d 833, 838–39 (9th Cir.1994). We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

## I. BACKGROUND

Bennett was convicted on all fifty counts of an indictment that included charges of 18 U.S.C. §§ 1029(a)(3) (credit card fraud), 1952(a)(3) (Travel Act), 1956(a)(1)(A), (B) (money laundering), and 1962(c) (Racketeer Influenced Corrupt Organizations Act). On November 20, 1995, a preliminary order of forfeiture was entered pursuant to 18 U.S.C. § 1963(a)(3),[1] covering, among other assets, Bennett's IRA, which contained approximately $12,000.00.[2] Bennett's conviction was affirmed on appeal to this court. *United States v. Bennett*, Nos. 95–30252, 95–30384, 1996 WL 477048 (9th Cir. Aug. 21, 1996).

On June 16, 1997, Bennett moved on behalf of his daughter, Dzeidra Bennett, for an ancillary hearing to determine whether Dzeidra, as the named beneficiary of the IRA, held an interest in the account. Citing *United States v. Infelise*, 938 F.Supp. 1352 (N.D.Ill.1996), and *Goldblatt v. FDIC*, 105 F.3d 1325 (9th Cir.1997), the district court directed the government to show cause why the preliminary forfeiture order should not be vacated with respect to the IRA. The

---

2. An amended preliminary order of forfeiture was entered on December 12, 1995, with the minor modification of substituting the Department of the Treasury for the United States Marshal's Service as the agency responsible for taking custody and disposing of the property.

court subsequently held that the IRA was not exempt from forfeiture and that Dzeidra did not hold a cognizable claim in the account and therefore denied Bennett's motion for an ancillary hearing. The court entered a final order of forfeiture, from which Bennett appeals.

## II. DISCUSSION

■ The government argues that the district court did not have jurisdiction to consider Bennett's claim to the IRA because the order of forfeiture had already been entered. The government did not raise this argument below in its opposition to Bennett's motion for the ancillary hearing, arguing only that the motion was untimely and that Dzeidra did not have a cognizable interest in the account. A jurisdictional challenge may, however, be raised "at any time during the proceedings." *Attorneys Trust v. Videotape Computer Prods., Inc.*, 93 F.3d 593, 595 (9th Cir.1996) (internal quotations omitted).

The government cites *United States v. Libretti*, 38 F.3d 523 (10th Cir.1994), *aff'd*, 516 U.S. 29, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995), to support its contention that the district court lacked jurisdiction to hear Bennett's claim after the preliminary order of forfeiture was entered. In *Libretti*, the Tenth Circuit reasoned that a forfeiture order is part of a criminal sentence and so is a final, appealable decision.[3] *Id.* at 527. The court further reasoned that, although a district court has jurisdiction to consider a third-party claim to property after a notice of appeal has been filed, it does not have jurisdiction to consider a defendant's claim. *Id.*

The Sixth Circuit agreed with the Tenth Circuit that a preliminary forfeiture order is "a final, appealable judgment as to the defendant," and that the notice of appeal divested the district court of "jurisdiction to entertain any claims as to defendant." *United States v. Christunas*, 126 F.3d 765, 768 (6th Cir.

1997). In *Christunas*, a final forfeiture order was entered after the defendant's conviction was affirmed and after receiving no third-party claims, but more than two years had passed since the preliminary forfeiture order was entered. *Id.* at 767. The court therefore held that it lacked jurisdiction to review the defendant's challenge to the order, reasoning that "[c]ompliance with [Fed. R.App. P. 4(b), requiring a timely notice of appeal,] is a jurisdictional prerequisite which this court can neither waive nor extend." *Id.* at 768.

■ We agree with the Sixth and Tenth Circuits that "a forfeiture order, whether preliminary or final as to third-party claims, is a final order as to the defendant." *Id.* at 768 n. 1. In *Christunas*, as in the instant case, the defendant appealed his conviction and sentence, but did not appeal the preliminary forfeiture order. *See id.* at 767. The district court therefore did not have jurisdiction to hear a challenge from Bennett regarding the forfeiture.

■ To the extent that Bennett's motion was on behalf of his minor daughter, rather than himself, Bennett does not have standing and is not a proper representative to raise Dzeidra's claim. Dzeidra's mother has custody of the minor child; Bennett is not Dzeidra's custodial parent or legal guardian. Washington law provides that a minor may be a party to a suit only if represented by her guardian. *See* Wash. Rev.Code §§ 4.08.050; 26.28.010; 26.28.015. The record does not disclose that Bennett petitioned the district court for guardian ad litem status for purposes of representing Dzeidra in this proceeding. Because her claims were not properly before the district court and are not properly before us, we decline to address any claim asserted on Dzeidra's behalf on the merits.

3. *Libretti* dealt with forfeiture in a narcotics case, pursuant to 21 U.S.C. § 853, which is "substantially identical" to 18 U.S.C. § 1963. *United States v. Ripinsky*, 20 F.3d 359, 362 n. 3 (9th Cir.1994). Cases construing either section therefore rely on "cases and legislative history discussing § 1963 and § 853 interchangeably." *Id.; see also United States v. BCCI Holdings (Luxembourg), S.A.*, 916 F.Supp. 1270, 1274 n. 2 (D.D.C. 1996) ("Because [18 U.S.C. § 1963(*l*) and 21 U.S.C. § 853(n)] are identical and because of the relative dearth of case law interpreting and applying Section 1963(*l*)," the court relied on both § 853(n) and § 1963(*l*) cases in analyzing its § 1963 case.).

### III. CONCLUSION

Because the district court lacked jurisdiction to hear Bennett's claim and should not have reached the merits of any claim asserted by him on behalf of his minor daughter, we vacate the Order on Defendant's Motion re Forfeiture of IRA Account, of July 25, 1997, and remand with directions that Bennett's claims, on behalf of himself and his minor daughter, be dismissed.

**VACATED and REMANDED.**