UNITED STATES of America, Plaintiff-Appellee,

v.

Harold GROSS, Defendant-Appellant.

No. 98-3829

Non-Argument Calendar.

United States Court of Appeals,

Eleventh Circuit.

May 26, 2000.

Appeal from the United States District Court for the Middle District of Florida.(No. 97-00140-CR-T-17E), Elizabeth A. Kovachevich, Chief Judge.

Before ANDERSON, Chief Judge, DUBINA, Circuit Judge, and FAY, Senior Circuit Judge.

PER CURIAM:

This case presents an issue of first impression in this Court: whether a preliminary order of forfeiture is final and immediately appealable. We hold that a preliminary order of forfeiture is final and immediately appealable and we set aside this forfeiture and remand to the district court for a hearing.

Defendant-appellant, Harold Gross, was convicted of conspiracy to distribute marijuana in violation of 21 U.S.C. § 846 and sentenced to 24 months of incarceration. The indictment provided for the forfeiture of any property derived from or used to facilitate the commission of a charged offense, as prescribed by 21 U.S.C. § 853. Following Gross's plea colloquy, the Government moved for a preliminary order of forfeiture of the property located at 7464 Teaberry Street. Gross objected on the grounds that the property was not subject to forfeiture. The district court entered the preliminary order of forfeiture for the Teaberry Street property and Gross appealed the order.

Initially, we hold that the district court's preliminary order of forfeiture is final and immediately appealable. This is a matter of first impression in this Court, but four other circuits have addressed the question and determined that such an order is final and appealable because the order finally determines the defendant's rights in the forfeited property. *See United States v. Pelullo,* 178 F.3d 196, 202-203 (3rd

Cir.1999); *United States v. Bennett,* 147 F.3d 912, 914 (9th Cir.1998); *United States v. Christunas,* 126 F.3d 765, 767-68 (6th Cir.1997); *United States v. Libretti,* 38 F.3d 523, 526-27 (10th Cir.1994), *aff'd,* 516 U.S. 29, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995). We agree with the reasoning of those courts.

We review whether a sufficient factual nexus exists to support the criminal forfeiture for clear error. *See Libretti v. United States,* 516 U.S. 29, 42, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995). The Government concedes that the district court erred by entering the preliminary order of forfeiture because the record in this case fails to establish any factual nexus between the offense of conviction and the Teaberry Street property. Therefore, we vacate the preliminary order of forfeiture and remand to the district for a hearing.

VACATED AND REMANDED.