[REVISED]                                    [PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 2, 2000
THOMAS K. KAHN
CLERK

_____

No. 98-3829
Non-Argument Calendar

_____

D. C. Docket No. 97-140-Cr-T-17E

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAROLD GROSS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 26, 2000)**

Before ANDERSON, Chief Judge, DUBINA and FAY, Circuit Judges.

PER CURIAM:

This case presents an issue of first impression in this Court: whether a preliminary order of forfeiture is final and immediately appealable. We hold that this

preliminary order of forfeiture is final and immediately appealable and we set aside this forfeiture and remand to the district court for a hearing.

Defendant-appellant, Harold Gross, was convicted of conspiracy to distribute marijuana in violation of 21 U.S.C. § 846 and sentenced to 24 months of incarceration. The indictment provided for the forfeiture of any property derived from or used to facilitate the commission of a charged offense, as prescribed by 21 U.S.C. § 853. Following Gross's plea colloquy, the Government moved for a preliminary order of forfeiture of the property located at 7464 Teaberry Street. Gross objected on the grounds that the property was not subject to forfeiture. Forfeiture of the property was not discussed during the course of the sentencing hearing. Sometime after the sentencing hearing, the district court entered the preliminary order of forfeiture[1] for the Teaberry Street property and Gross appealed the order.

Initially, we hold that, under the facts of this case, the district court's preliminary order of forfeiture is final and immediately appealable. This is a matter of first impression in this Court, but four other circuits have addressed the question and determined that such an order is final and appealable because the order finally determines the defendant's rights in the forfeited property. See United States v.

---

[1]The term preliminary order of forfeiture is probably inaccurate and certainly misleading as discussed in United States v. Kennedy, 201 F.3d 1324, 1326 n.5 (11th Cir. 2000). This is in fact a final order of forfeiture as to this defendant.

<u>Pelullo</u>, 178 F.3d 196, 202-203 (3rd Cir. 1999); <u>United States v. Bennett</u>, 147 F.3d 912, 914 (9th Cir. 1998); <u>United States v. Christunas</u>, 126 F.3d 765, 767-68 (6th Cir. 1997); <u>United States v. Libretti</u>, 38 F.3d 523, 526-27 (10th Cir. 1994), <u>aff'd</u>, 516 U.S. 29 (1995).  We agree with the reasoning of those courts.

We review whether a sufficient factual nexus exists to support the criminal forfeiture for clear error.  <u>See</u> <u>Libretti v. United States</u>, 516 U.S. 29, 42 (1995).  The Government concedes that the district court erred by entering the preliminary order of forfeiture because the record in this case fails to establish any factual nexus between the offense of conviction and the Teaberry Street property.  Therefore, we vacate the preliminary order of forfeiture and remand to the district for a hearing. VACATED AND REMANDED.