**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Dennis Eugene WORLEY, Defendant—
Appellant.**

No. 04–30491.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 5, 2005.

Decided Aug. 22, 2005.

Marcia Good Hurd, Esq., USBI—Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Robert L. Stephens, Jr., Esq., Billings, MT, for Defendant–Appellant.

Before: THOMPSON, T.G. NELSON, and WARDLAW, Circuit Judges.

### MEMORANDUM *

Dennis Eugene Worley appeals the district court's order denying his motion to reconsider the court's order allowing the government's withdrawal of its motion pursuant to Federal Rule of Criminal Procedure 35(b) for reduction of sentence based on substantial assistance to the government. We review de novo the district court's assumption of jurisdiction. *United States v. Bennett*, 147 F.3d 912, 913 (9th Cir.1998). We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand with instructions to dismiss for lack of jurisdiction.

The government filed one Rule 35(b) motion, captioning it in both CR 98–123–BLG–JDS ("the drug case") and CR 99–

112–BLG–JDS ("the prostitution case"). The government filed its motion in October 2001, within one year of sentencing in the prostitution case (November 2000), but more than one year from sentencing in the drug case (May 2000). The government then moved to withdraw its Rule 35(b) motion, but captioned its withdrawal motion only in the drug case. The district court granted the withdrawal motion, captioning its order only in the drug case. This appeal concerns only the district court's resolution of the Rule 35(b) motion in the drug case.

■ Rule 35(b)(1) requires that a substantial assistance motion be filed within one year of sentencing. The exceptions found in Rule 35(b)(2) do not apply here. The government's Rule 35(b) motion in the drug case was filed more than one year after Worley's sentencing date in that case and was thus not timely filed. The district court therefore lacked jurisdiction to reduce Worley's drug case sentence, and likewise lacked jurisdiction over the government's motion to withdraw its Rule 35(b) motion and Worley's motion to reconsider. We therefore vacate the district court's order allowing the government's withdrawal of its Rule 35(b) motion in the drug case, and vacate the district court's order denying Worley's motion to reconsider in that case.

■ The government informs us that it intends to withdraw its still-pending Rule 35(b) motion filed in the prostitution case. In the event the propriety of the government's withdrawal of that motion should come before the district court, we note that withdrawal of a Rule 35(b) motion based upon a defendant's inability to provide future assistance is not legitimate. *See United States v. Khoury*, 62 F.3d 1138,

---

1142 (9th Cir.1995). If the district court concludes that the government may not withdraw its motion in the prostitution case, then in deciding what assistance Worley may have provided, the district court may consider to what extent Worley may have helped the government investigate or prosecute defendants in both the drug case and the prostitution case.

**VACATED and REMANDED with instructions to dismiss for lack of jurisdiction.**

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.