**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0286n.06
Filed: April 27, 2006

No. 05-1309

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| BRIAN DEWAYNE ALI, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellant.** | ) | |
| _____ | ) | |

**Before:  BOGGS, Chief Judge; and MOORE and COOK, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.**  Defendant-Appellant Brian Dewayne Ali ("Ali") was convicted of bank robbery and using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2113(a) and 924(c), respectively.  Ali appeals his sentence, arguing that it is unreasonable and that the district court erroneously treated the United States Sentencing Guidelines as mandatory, in conflict with *United States v. Booker*, 543 U.S. 220 (2005).  Because Ali expressly waived the right to appeal his sentence and did not file a timely notice of appeal, we **DISMISS** the appeal for lack of jurisdiction.

## I. BACKROUND

Ali's conviction was secured via a plea agreement.  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the government agreed that a sentence of no more than 141 months of

imprisonment was appropriate. Joint Appendix ("J.A.") at 22 (Plea Agreement ¶ 2). This ceiling was incorporated by reference into an appeal waiver:

> If the court imposes a sentence equal to or less than the maximum sentence described in ¶ 2 of this agreement, defendant waives any right he may have to appeal his conviction or sentence, including any right under 18 U.S.C. § 3742 to appeal on the grounds that the sentence was imposed as a result of an incorrect application of the sentencing guidelines.

J.A. at 28 (Plea Agreement ¶ 7). After a plea hearing at which the government recited the significant aspects of the plea agreement, including both the maximum prison term and the appeal waiver, the district court accepted Ali's guilty plea.

Following a sentencing hearing, the district court imposed consecutive prison sentences of thirty-seven months for the bank robbery count and eighty-four months for the weapon charge, with the total 121-month prison term to be served partially concurrently with an undischarged Arizona sentence. The judgment was entered on the district court's docket on November 23, 2004.[1] Ali filed a motion for resentencing on December 8, 2004, arguing that his sentence should have been made fully concurrent with the Arizona sentence. The district court denied the motion in an order that was entered on the docket on February 22, 2005.[2] On February 28, 2005, Ali filed a notice of appeal, the timeliness of which is at issue in this case and is discussed below.

---

[1]"A judgment or order is entered for purposes of this Rule 4(b) [i.e., governing the timeliness of a notice of appeal] when it is entered on the criminal docket." FED. R. APP. P. 4(b)(6). The judgment was entered on the docket on November 23, 2004. J.A. at 4A. Thus, neither the "Date of Imposition of Judgment" on the judgment document itself (November 8, 2004) nor the date of filing with the clerk's office (November 22, 2004), J.A. at 10, is controlling.

[2]The order was filed on February 17, 2005, but it was not entered on the docket until February 22, 2005. *See supra* note 1.

2

## II. ANALYSIS

Ali raises two arguments on appeal. He first contends that his sentence was unreasonable because the district court did not consider the factors listed in application note 3 to § 5G1.3(c) of the U.S. Sentencing Guidelines when it decided to make the sentence partially (rather than completely) concurrent with an undischarged Arizona sentence. Ali also claims that he should be resentenced under *Booker* because the district court erroneously treated the Guidelines as mandatory. For at least two independent reasons, this court lacks jurisdiction to consider Ali's appeal.

A defendant may waive the right to *Booker* review of his sentence by expressly waiving his right to appeal in a plea agreement. *See, e.g.*, *United States v. Puckett*, 422 F.3d 340, 343 (6th Cir. 2005). "'This Court reviews the question of whether a defendant waived his right to appeal his sentence in a valid plea agreement *de novo*.'" *United States v. Murdock*, 398 F.3d 491, 496 (6th Cir. 2005) (quoting *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003)). Ali's plea agreement included the following appellate-waiver clause:

> If the court imposes a sentence equal to or less than the maximum sentence described in ¶ 2 of this agreement [i.e., "no more than 141 months of imprisonment"], defendant waives any right he may have to appeal his conviction or sentence, including any right under 18 U.S.C. § 3742 to appeal on the grounds that the sentence was imposed as a result of an incorrect application of the sentencing guidelines.

J.A. at 28 (Plea Agreement ¶ 7). The appeal waiver was made effective by the imposition of a sentence of 121 months, which satisfies the condition of "equal to or less than" 141 months. Thus, Ali's sentence falls within the scope of the waiver. Ali does not deny that his waiver was knowing, voluntary, and intelligent. *See, e.g.*, *United States v. Webb*, 403 F.3d 373, 378 n.1 (6th Cir. 2005), *cert. denied*, — U.S. —, 126 S. Ct. 1110 (2006). Nor does Ali allege a defect that courts commonly deem insusceptible to waiver, as when a sentence is affected by a constitutionally impermissible

3

factor like race or exceeds the statutory maximum. *See, e.g.*, *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir.) (Posner, J.), *cert. denied*, — U.S. —, 126 S. Ct. 320 (2005). Accordingly, Ali has waived his right to appeal, leaving this court without jurisdiction to review his sentence. *See United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005).

Even if Ali had not waived the right to appeal his sentence, this court would lack jurisdiction because he did not timely file a notice of appeal. "In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." FED. R. APP. P. 4(b)(1)(A). Here, the judgment imposing Ali's sentence was entered on November 23, 2004, and the government did not file a notice of appeal. Ali filed a notice of appeal on February 28, 2005, well after the ten-day deadline expired.

Ali attempts to avert this result by tying the notice of appeal not to the judgment but to the district court's denial of his motion for resentencing, which was entered on February 22, 2005, i.e., less than ten days before the notice of appeal was filed. However, the notice-of-appeal deadline relates back to the disposition of a timely post-judgment motion (rather than to the entry of judgment) for only three types of motions: for judgment of acquittal under FED. R. CRIM. P. 29, for a new trial under FED. R. CRIM. P. 33, and for arrest of judgment under FED. R. CRIM. P. 34. *See* FED. R. APP. P. 4(b)(3)(A). Ali's motion for resentencing did not come within these rules. *See United States v. Austin*, 217 F.3d 595, 597 (8th Cir. 2000). Thus, Ali's notice of appeal was not timely filed, and this court is without jurisdiction to consider the appeal. *See United States v. Christunas*, 126 F.3d 765, 767 (6th Cir. 1997).

### III. CONCLUSION

For the reasons set forth above, we **DISMISS** Ali's appeal for lack of jurisdiction.