**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30098 |
| Plaintiff - Appellee, | D.C. No. 2:03-cr-00073-EJL-1 |
| v. | |
| ROBERT LEON MERTENS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30104 |
| Plaintiff - Appellee, | D.C. No. 2:03-cr-00073-EJL-1 |
| v. | |
| ROBERT LEON MERTENS, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted October 14, 2011[**]
Seattle, Washington

Before: BEEZER and PAEZ, Circuit Judges, and COLLINS, District Judge.[***]

Robert Mertens filed motions in the district court to amend the final order of forfeiture and to conduct discovery on the government's handling of the property that he forfeited under 21 U.S.C. § 853 and 18 U.S.C. § 982. The district court struck the motions, holding that Mertens lacked standing to challenge the final order of forfeiture. Mertens timely appealed. Because a defendant's interest in property is extinguished upon entry of a preliminary order of forfeiture, we affirm the district court.

The facts of the case are known to the parties. We repeat them only as necessary.

We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291.

I

We review de novo the question of standing. *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010).

II

---

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Raner C. Collins, District Judge for the U.S. District Court for Arizona, sitting by designation.

Mertens contends that he has an ongoing interest in the disposition of the property that he forfeited under two federal criminal forfeiture statutes: 21 U.S.C. § 853 and 18 U.S.C. § 982. Mertens is incorrect. The district court entered a preliminary order of forfeiture as to that property, which Mertens appealed and this court affirmed. *See United States v. Mertens*, 166 F. App'x 955, 958 (9th Cir. 2006). A preliminary order of forfeiture is final as to the defendant. *See United States v. Bennett*, 147 F.3d 912, 914 (9th Cir. 1998). Because the preliminary order of forfeiture finally terminated Mertens' ownership of the property at issue, he has no interest in how the government settles third-party claims or otherwise disposes of the forfeited property. *See id.* The district court properly struck Mertens' motions for lack of standing.

**AFFIRMED.**