NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0266n.06

No. 17-6394

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FENDER MUSICAL INSTRUMENTS
CORPORATION,

        Plaintiff - Appellee,

v.

KELTON SWADE, Individually and Doing
Business as Kelton Swade Guitars; KELTON
SWADE, LLC,

        Defendants - Appellants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

FILED
May 23, 2019
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE MIDDLE
DISTRICT OF TENNESSEE

AMENDED OPINION

BEFORE: BATCHELDER, GIBBONS, and ROGERS, Circuit Judges.

        **JULIA SMITH GIBBONS, Circuit Judge.**    Plaintiff-Appellee Fender Musical

Instruments Corporation ("Fender") manufactures guitars and related equipment. The designs of

Fender's headstocks—the top (or "head") part of the guitar that houses the pegs for the guitar

strings—are trademarked. Defendant-Appellant Kelton Swade runs a business manufacturing

replica vintage guitars in Nashville, Tennessee. Fender filed a trademark infringement action

against Swade on October 12, 2013 in the United States District Court for the Middle District of

Tennessee[1] claiming that Swade infringed on certain of Fender's headstock design trademarks in

violation of the Lanham Act and other state and federal laws. The parties later reached a settlement

agreement in the dispute. The district court entered a Final Judgment and Permanent Injunction

---

[1] The complaint was first filed in February 2013 in the United States District Court for the District of Arizona, then venue was transferred to the Middle District of Tennessee.

Order of Consent on November 12, 2014 reflecting the stipulated findings of fact and conclusions of law.

Fender filed a motion on August 24, 2016 asking the district court to hold Swade in contempt and impose sanctions upon him for violating the permanent injunction. After holding two hearings, the district court granted Fender's motion on April 7, 2017.

Following the April 7 contempt order, Swade filed two motions in the district court: a Motion for Reconsideration on September 16, 2017 and a Motion for New Trial on November 24, 2017. The district court denied both of Swade's motions on the grounds that (1) no trial was held so the motion for a new trial was irrelevant; and (2) the motion for reconsideration was not timely filed and even if it had been, it would have been meritless. Between the filings of Swade's two motions, the district court granted Fender's motion for attorneys' fees on October 30, 2017. Finally, on November 28, 2017, Swade filed a notice of appeal to this court appealing the contempt order and the award of attorneys' fees. The notice of appeal was thus filed approximately seven months after the contempt order, but within thirty days of the fee order.

Sixth Circuit and Supreme Court precedent compels the conclusion that we do not have appellate jurisdiction over the contempt order because Swade did not timely appeal the contempt order. Therefore, we dismiss Swade's appeal of the district court's decision finding Swade in contempt and do not assess the merits of his appeal as to the contempt order. We do, however, have appellate jurisdiction over the fee order because Swade timely appealed the fee order. We assess his appeal as to the attorneys' fees on the merits. Because the district court did not abuse its discretion in granting Fender's motion for attorneys' fees, we affirm the district court's award.

## I.

We independently determine our own jurisdiction. *United States v. Manley*, 560 F. App'x 434, 436 (6th Cir. 2013); *United States v. Brown*, 276 F.3d 211, 214 (6th Cir. 2002). We review a district court's award of attorneys' fees for abuse of discretion. *See, e.g. Eagles, Ltd. v. Am. Eagle Found.*, 356 F.3d 724, 728 (6th Cir. 2004). The award of attorneys' fees for violations of the Lanham Act is reviewed in the same way as any other discretionary grant of attorneys' fees. *Gnesys, Inc. v. Greene*, 437 F.3d 482, 488 (6th Cir. 2005). "This Circuit 'has defined an abuse of discretion as a definite and firm conviction that the trial court committed a clear error of judgment.'" *Id.* (quoting *Eagles*, 356 F.3d at 726).

## II.

A timely notice of appeal is filed with the district court "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A); *see also* 28 U.S.C. § 2107(a) ("[N]o appeal shall bring any judgment, order or decree in an action . . . before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree.") The judgment must be a "final decision" of the lower court. 28 U.S.C. § 1291. Here, the contempt order became "final" upon its issuance and simultaneous entry in April 2017, but Swade did not appeal it until November 2017—approximately seven months later. Because the timely filing of an appeal is mandatory and jurisdictional, we lack jurisdiction to hear Swade's appeal of the contempt order. *Bowles v. Russell*, 551 U.S. 205, 212–13 (2007).

Here, appellate jurisdiction turns on whether the April 7 contempt order was a final order that triggered the thirty-day deadline for filing a notice of appeal under 28 U.S.C. § 2107(a) and Fed. R. App. P. 4(a)(1)(A).[2] Swade contends that the contempt order was not final when it was

---

[2] Fed. R. App. P. 4(a)(4)(A) provides that the time for filing an appeal may be extended, starting from the entry of a district court order disposing of certain motions. In relevant part, these motions include a Rule 59 motion for a new

issued on April 7 because the district court did not grant the revised fee petition until October 30, 2017. Therefore, Swade implies, the November 28, 2017 notice of appeal was timely filed.

Supreme Court and Sixth Circuit precedent directly contradict Swade's argument that the April 7 contempt order was not final. The Supreme Court has expressly held that a district court's decision on the merits is final—and thus appealable when entered—even when a claim for attorneys' fees has not yet been adjudicated. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202–03 (1988). The Sixth Circuit applied *Budinich's* "traditional," "bright-line rule," *id.*, in holding that "even when a statute provides that attorney's fees are part of the damages claim, an award of compensatory damages effectively renders the decision final." *Gnesys*, 437 F.3d at 487.

In *Budinich,* the petitioner prevailed on his claims at trial but, unhappy with the amount of the jury award, made separate motions for a new trial and for attorneys' fees. 486 U.S. at 197. On May 14, 1984, the district court denied his motion for a new trial but determined that Budinich was entitled to attorneys' fees. *Id.* at 197–98. After further briefing to determine the appropriate amount, the district court issued its final attorneys' fees order on August 1, 1984. *Id.* at 198. Budinich filed a notice of appeal for the denial of his motion for a new trial on August 29, 1984.

---

trial, and a Rule 60 motion for relief "*if* the motion is filed no later than 28 days after judgment is entered." Fed. R. App. P. 4(a)(4)(A)(v), (vi) (emphasis added). Swade's motions were unclear as to the rules he was filing under, so the district court analyzed Swade's motions under Rules 59 and 60. The district court held that his motion for a new trial, which potentially could be analyzed under Rule 59, was meritless because no trial was ever initially held. That was not an abuse of discretion. The district court analyzed Swade's motion for reconsideration under Rule 59 (to the extent it could) and Rule 60, and held that the motion was untimely under both rules. Even if the motion for reconsideration is properly categorized under Rule 60, it would still not trigger an extension under Rule 4 because it was not timely filed (the motion for reconsideration was filed more than 4 months after the 28-day deadline required under Rule 4). Therefore, neither the motion for a new trial nor the motion for reconsideration would trigger an extension for filing an appeal under Rule 4.

Swade also appeals directly from the order denying his motion under Rule 60, but the district court did not abuse its discretion in denying that motion as untimely. Rule 60 movants asserting legal errors must act within the normal time for taking an appeal. *See Pierce v. United Mine Workers of Am. Welfare & Ret. Fund for 1950 & 1974*, 770 F.2d 449, 451 (6th Cir. 1985). Though Swade ostensibly grounded his motion on "surprise" and "misrepresentation," the motion is nothing more than an attempt to relitigate the legal standard applied in the earlier contempt order. Even if his claim were cognizable as one of surprise, and not mere legal error, the district court reasonably held that it was not filed "within a reasonable time" under Rule 60(c)(1).

*Id.* He appealed within thirty days of the attorneys' fee order but approximately four months after the decision denying his motion for a new trial. *Id.* The Tenth Circuit dismissed the appeal as to all issues other than attorneys' fees because Budinich missed the jurisdictional deadline for those issues. *Id.*

The Supreme Court affirmed, holding in relevant part, "Since the Court of Appeals properly held petitioner's notice of appeal from the decision on the merits to be untimely, and since the taking of an appeal within the prescribed time is mandatory and jurisdictional, the Court of Appeals was without jurisdiction to review the decision on the merits." *Id.* at 203 (citations omitted). The Supreme Court explained that 28 U.S.C. § 1291, which provides that "'all final decisions of the district courts' are appealable to the courts of appeals," governs the question of whether a district court's decision on the merits is final before an order of attorneys' fees. *Id.* at 198–99.

The Supreme Court later determined that the *Budinich* rule also applies when "the unresolved claim for attorney's fees is based on a contract rather than, or in addition to, a statute." *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs*, 571 U.S. 177, 179 (2014). In *Ray Haluch,* the First Circuit had determined that the appeal was timely because the district court's order on the merits was not a final judgment, since it did not include a decision about attorneys' fees. *Id.* at 182. The Supreme Court reversed, holding that "[w]hether the claim for attorney's fees is based on a statute, a contract, or both, the pendency of a ruling on an award for fees and costs does not prevent, as a general rule, the merits judgment from becoming final for purposes of appeal." *Id.* at 179.

In a case similar to the instant matter, we applied the *Budinich* rule and held that the district court merits order was a final decision, despite a pending motion for attorneys' fees. *Gnesys,*

5

437 F.3d at 487–88. We therefore found the appeal untimely and dismissed. *Id.* at 488. In *Gnesys,* the parties resolved a dispute over intellectual property through a settlement agreement, which the district court integrated into a Permanent Injunction and Final Judgment. *Id.* at 485. The defendants then breached the agreement, and the district court found them in contempt in November 2002 and awarded damages to the plaintiffs in August 2003. *Id.* The district court entered an order awarding the prevailing party's fees in July 2004. *Id.* The defendants appealed all three orders on August 20, 2004. *Id.* The *Gensys* defendants claimed that their appeal was timely because the August 2003 contempt order was not final until attorneys' fees were awarded in July 2004, *id.* at 485, but we rejected this claim, *id.* at 487 ("The clear message of *Budinich* is to the contrary . . . ."). Accordingly, we dismissed the appeals of the November 2002 contempt order and the August 2003 damages award. *Id.* at 488.

As applied here, *Budinich*, *Ray Haluch*, and *Gnesys* establish that the April 7 contempt order was an immediately appealable final decision on the merits. Therefore, Swade needed to appeal the contempt order within 30 days of its issuance, pursuant to Federal Rule of Appellate Procedure 4 and 28 U.S.C. § 2107(a), without waiting for the attorneys' fees to be decided. Accordingly, the deadline for a timely appeal was May 7, 2017. Swade, however, did not file a notice of appeal until November 29, 2017. Because a timely appeal is mandatory and jurisdictional, we do not have jurisdiction to hear the appeal of the contempt order. *Budinich*, 486 U.S. at 203; *United States v. Christunas*, 126 F.3d 765, 768 (6th Cir. 1997) ("Compliance with [the notice of appeal] rule is a jurisdictional prerequisite which this court can neither waive nor extend."). Accordingly, we need not assess his appeal of the contempt order on the merits, and we dismiss his appeal.

III.

Swade timely filed the notice of appeal within thirty days of the fee order, so we have jurisdiction to hear the merits of his appeal as to that order. *See* Fed. R. App. P. 4(a)(1)(A) (requiring that timely notice of appeal be filed with the district court "within 30 days after the entry of judgment or order appealed from."); 28 U.S.C. § 2107(a) ("no appeal shall bring any judgment, order or decree in an action . . . before a court of appeals for review unless notice of appeal is filed, within thirty days after entry of such judgment, order or decree.").

On appeal, Swade notes that he is appealing the district court's award of attorneys' fees, but he does not explain why the panel should alter the fee award. In short, both the Permanent Injunction and Settlement Agreement contain provisions for fee-shifting that are triggered if an enforcement action is successful. The district court's detailed findings in the contempt order that Swade violated the Injunction and Agreement fully supported the award of attorneys' fees. In addition, the record shows that the district court went through a well-reasoned, multi-step process of analyzing the proper grant of attorneys' fees, including lowering the hourly rate granted.

The standard for appeal of attorneys' fees is abuse of discretion. *See, e.g. Eagles*, 356 F.3d at 728. The district court here used the lodestar method to calculate the fees. We conclude the district court did not abuse its discretion in granting Fender's motion for attorneys' fees, so we affirm the district court's award of fees.

IV.

For the foregoing reasons, we dismiss Swade's challenge to the contempt order for lack of jurisdiction and affirm the district court's award of attorneys' fees.