DLD-009                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3649
_____

UNITED STATES OF AMERICA

v.

WILLIAM J. O'BRIEN, III,
                                                          Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-15-cr-00021-001)
District Judge:  Honorable Nitza I. Quiñones Alejandro

_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P.
10.6 and on Appellee's Motion for Summary Dismissal
October 8, 2020
Before:  JORDAN, KRAUSE, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 16, 2020)
_____

OPINION*
_____

PER CURIAM

    Pro se appellant Dr. William J. O'Brien, III appeals the District Court's order

denying his challenge to a final order of forfeiture.  The Government has filed a motion

to dismiss the appeal.  We will grant the Government's motion to dismiss the appeal in

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

part, and will summarily affirm the District Court's judgment in all other respects. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 2016, O'Brien was convicted of numerous controlled-substance offenses based on his years-long practice of prescribing large quantities of medically unnecessary oxycodone, methadone, and alprazolam to individuals in exchange for cash and sex. The District Court sentenced O'Brien to 30 years' imprisonment. On October 7, 2016, as part of the criminal judgment, the District Court entered a preliminary order of forfeiture, concluding that cash held by O'Brien was subject to forfeiture as a result of his conviction. See ECF No. 640. O'Brien appealed. He raised a variety of challenges to his conviction, but did not present any claims concerning the forfeiture order. We affirmed the criminal judgment. See United States v. O'Brien, 738 F. App'x 38 (3d Cir. 2018).

The Government then moved in the District Court for a final order of forfeiture. See ECF No. 847. The Government reported that it had published notice of the preliminary order and provided direct written notice to an individual known to have an alleged interest in the property, see 21 U.S.C. § 853(n), but no third party had asserted any interest. On October 23, 2018, the District Court entered a final order of forfeiture. See ECF No. 848. O'Brien filed an objection to the order, arguing that it was premature because he still intended to attack his conviction via 28 U.S.C. § 2255. See ECF No. 852. The District Court overruled the objection. See ECF No. 854.

---

constitute binding precedent.

2

O'Brien filed a notice of appeal to this Court. The Government has filed a motion to dismiss the appeal and to be relieved of its responsibility to file a brief. O'Brien has filed a motion to stay this appeal pending his separate appeal (in C.A. No. 20-1342) in which he challenges the District Court's recent denial of his § 2255 motion.

We have jurisdiction under 28 U.S.C. § 1291. We exercise de novo review. See Freedom From Religion Found., Inc. v. County of Lehigh, 933 F.3d 275, 279 (3d Cir. 2019) (stating that standing is reviewed de novo); see generally United States v. Cheeseman, 600 F.3d 270, 275 n.4 (3d Cir. 2010).

The District Court did not err in denying O'Brien's challenge to the final order of forfeiture. While the District Court's order entered October 11, 2016, was called a "preliminary" order of forfeiture, it was not preliminary as to O'Brien. Rather, "the order of forfeiture entered at sentencing is a final order with respect to the defendant from which he can appeal." United States v. Pelullo, 178 F.3d 196, 202 (3d Cir. 1999); see also id. ("A preliminary forfeiture order terminates all issues presented by the defendant and leaves nothing to be done except enforce by execution what has been determined." (quoting United States v. Christunas, 126 F.3d 765, 768 (6th Cir. 1997)); Cheeseman, 600 F.3d at 275 n.4 (explaining that "a forfeiture becomes final at sentencing and that a defendant may appeal a forfeiture order once sentenced"); Fed. R. Crim. P. 32.2(b)(4).

Thus, if O'Brien wished to challenge the forfeiture decision, he should have appealed the preliminary order of forfeiture. See Young v. United States, 489 F.3d 313, 315 (7th Cir. 2007) (explaining that "a criminal forfeiture is part of the defendant's

3

sentence and must be challenged on direct appeal or not at all"). To the extent that O'Brien seeks now to challenge the preliminary order of forfeiture, the appeal is grossly untimely, see Fed. R. App. P. 4(b)(1), and because the Government has raised the issue, we must dismiss this part of the appeal, see Virgin Islands v. Martinez, 620 F.3d 321, 328–29 (3d Cir. 2010).

We do have jurisdiction over O'Brien's appeal of the District Court's order overruling his objection to the final order of forfeiture.[1] However, "the defendant generally has no standing to participate in the ancillary proceeding that takes place after the forfeiture order is entered at sentencing." Pelullo, 178 F.3d at 202; see also 21 U.S.C. § 853(n)(2) (permitting "[a]ny person, other than the defendant" to assert interest in property in an ancillary proceeding); Fed. R. Crim. P. 32.2 advisory committee's note to 2000 amendments ("[B]ecause the ancillary hearing has no bearing on the defendant's right to the property, the defendant has no right to appeal when a final order is, or is not, amended to recognize third party rights."). Thus, the District Court correctly rejected O'Brien's challenge to the final order of forfeiture.

Accordingly, we grant the Government's motion to dismiss in part and to be excused from filing a brief, and we will dismiss the appeal in part and summarily affirm

---

[1] While the District Court did not explain its reasoning, we understand its decision to have been based on a conclusion that O'Brien lacked standing to challenge the final order of forfeiture. "A party denied standing to sue, or to intervene, or to object, may obviously appeal such a determination. The question of standing does not go to whether or not the appeal should be heard, but rather to its merits." In re Pittsburgh & L.E.R. Co. Sec. & Antitrust Litig., 543 F.2d 1058, 1064 (3d Cir. 1976).

4

the District Court's judgment in all other respects. We deny O'Brien's motion to stay

this appeal.