**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 29 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LORENZO ELIAS MENDEZ,

Defendant - Appellant.

No. 23-914

D.C. No. 1:18-cr-02037-SAB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Stanley A. Bastian, District Judge, Presiding

Submitted February 21, 2024[**]

Before:    FERNANDEZ, NGUYEN, and OWENS, Circuit Judges.

Lorenzo Elias Mendez appeals pro se from the district court's orders granting the government's motion for entry of a final order of forfeiture and denying Mendez's objections to the final order of forfeiture. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The preliminary order of forfeiture became final as to Mendez when he was sentenced and did not appeal the order. *See* Fed. R. Crim. P. 32.2(b)(4)(A); *United States v. Bennett*, 147 F.3d 912, 914 (9th Cir. 1998). Accordingly, Mendez lacked standing to challenge the final order of forfeiture, which determined ownership of the forfeited property only as between the government and any third parties. *See* Fed. R. Crim. P 32.2(c) (explaining process for entry of a final order of forfeiture after adjudication of any third-party rights in the property); *United States v. Real Property Located at 5208 Los Franciscos Way, Los Angeles, Cal.*, 385 F.3d 1187, 1191 (9th Cir. 2004) (stating that standing in a forfeiture action depends on whether the claimant has an interest in the property). As a result, the district court properly determined that it lacked jurisdiction to consider Mendez's objections. *See Bennett*, 147 F.3d at 914 (holding that the district court lacked jurisdiction to consider defendant's objections to the final order of forfeiture because the preliminary order of forfeiture, which the defendant did not appeal, was final as to the defendant).

Mendez's motions to correct his opening and reply briefs are granted. All other pending motions are denied.

**AFFIRMED.**