[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 2, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-11420

_____

D. C. Docket No. 97-00238-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORIO MACHADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 2, 2006)**

Before TJOFLAT and CARNES, Circuit Judges and HODGES,* District Judge.

CARNES, Circuit Judge:

---

* Honorable William Terrell Hodges, United States District Judge for the Middle District of Florida, sitting by designation.

# I.

In March 1997 a grand jury indicted Gregorio Machado on thirteen counts of conspiracy to launder drug proceeds. The indictment included a forfeiture count pursuant to 18 U.S.C. § 982. After reaching a plea agreement with the government, Machado entered a guilty plea in May 1997. The written plea agreement contained an appeal waiver provision and a detailed forfeiture provision through which Machado pledged "to fully and unreservedly cooperate and assist the United States in the forfeiture and recovery of the forfeited assets, portions thereof, or their substitutes wherever located." That provision included a detailed list of all the money and items that were to be forfeited. Machado says that the value of those listed items was approximately $12 million at the time of the indictment.

On July 28, 1997, the district court sentenced Machado to 51 months imprisonment. At sentencing, the Assistant United States Attorney representing the government moved to dismiss eleven of the thirteen counts of the indictment in accordance with the plea agreement, and stated that "[t]he United States has not dismissed Count I or the forfeiture count at the very end." The court responded, "Count II through XI[I] are dismissed. Count I and the forfeiture count remain in full force and effect." The formal judgment in the case, which was entered on July

30, 1997, recited the numbers of the counts that had been dismissed, stated that the defendant had pleaded guilty to Count 1, and accordingly adjudged him guilty of conspiracy to launder money, and sentenced him to a term of 51 months. The only mention of forfeiture in the judgment entry is this sentence: "A separate Forfeiture order shall be entered in this cause."

On March 11, 1998, about seven months later the government filed a motion for an order of forfeiture. The following day the district court granted the motion and entered a preliminary order of forfeiture. On the government's motion, the district court on April 24, 1998 entered an amended order to include additional property. A final order of forfeiture was entered on July 14, 1998, nearly a year after sentencing. Machado did not attempt to appeal any of those orders, including the final order of forfeiture.

Instead, on September 4, 1998, about six weeks after entry of the final order, he filed a pro se motion for return of property pursuant to Fed. R. Cr. P. 41(e), requesting a return of "all documents and records seized or taken from the movant, his businesses, and residence that were used as evidence in the criminal and [forfeiture] actions." In that motion Machado claimed that the documents he sought would reveal that some of his property had been improperly forfeited. At a hearing on January 20, 1999, the district court ordered the documents returned to

Machado. The government could not fully comply because some of the original documents were destroyed, but it ultimately returned others to Machado. Machado filed a pro se motion for sanctions which was ultimately denied.

On April 23, 2003, three months shy of five years after entry of the final order of forfeiture, Machado filed under Rule 60(b)(4) a pro se motion for relief from that order "in light of this Circuit's decision in United States v. Petrie, 302 F.3d 1280, 1284–85 (11th Cir. 2002)." Machado contended that because the district court had not entered the final order of forfeiture until twelve months after he was sentenced, it lacked jurisdiction to do so, and for that reason the order must be vacated. Because the district court had previously issued an order prohibiting the parties from filing any new motions until all pending motions were resolved, the district court denied that motion. Machado appealed, but we affirmed after concluding that the denial of his Rule 60(b)(4) motion on that ground was not an abuse of discretion. We never reached the merits of Machado's claim.

On May 17, 2004, Machado filed pursuant to Rule 60(b) another motion to vacate the forfeiture order. After the district court denied that motion a week later, we affirmed on November 17, 2004, explaining that Rule 60(b) cannot be used to challenge criminal forfeiture orders. Again, we did not reach the merits of Machado's claim.

4

On December 17, 2004, which was six years and five months after the final order of forfeiture was entered, Machado filed yet another pro se motion seeking return of the forfeited property. This one asserted that he was proceeding under Fed. R. Cr. P. 41(g) and the All Writs Act, 28 U.S.C. § 1651(a). In February 2005 the district court denied the motion in a three-sentence order: "This cause came before the Court upon Defendant's Motion for Return of Property Pursuant to Fed. R. Crim. P. Rule 41(e) . . . filed December 17, 2004. The Court having reviewed the pertinent portions of the record, and being otherwise fully advised in the premises, it is ordered and adjudged that Defendant's Motion for Return of Property is Denied. Done and ordered in Chambers, at Miami, Florida this 7th Day of February, 2005." Thereafter Machado filed his notice of appeal, and we appointed counsel to represent him.

## II.

At the heart of all Machado's arguments and efforts is his contention that the district court lacked subject matter jurisdiction to enter the final order of forfeiture nearly a full year after the judgment incorporating the sentence had been entered. Federal Rule of Criminal Procedure 32(d)(2), which was in effect when Machado was sentenced, stated that: "At sentencing, a final order of forfeiture shall be made part of the sentence and included in the judgment." Fed. R. Cr. P. 32(d)(2) (1997).

5

Machado contends that the district court's failure to comply with Rule 32(d)(2) when it sentenced him on July 28, 1997 means that the court lost jurisdiction to enter a forfeiture order, and did not have the power to do so when it attempted to enter the order of forfeiture on July 14, 1998. The government's position is that Rule 32(d)(2) is not jurisdictional, and instead is a claim-processing rule that can be forfeited if the party waits too long to raise the argument, as Machado did. <u>See</u> <u>United States v. Eberhart</u>, _____ U.S. ____, ____, 126 S. Ct. 403, 405-07 (2005).

We lack jurisdiction to decide the issue of whether the district court had jurisdiction to belatedly enter the final order of forfeiture. Federal Rule of Appellate Procedure 4 requires a criminal litigant who makes an appeal as of right to file a notice of appeal "within 10 days after the later of . . . the entry of either the judgment or the order being appealed . . . ." Fed. R. App. P. 4(b)(1)(A)(i). Under that rule the district court may extend that ten day period by up to thirty days if a party shows excusable neglect. Fed. R. App. P. 4(b)(4). Even if there is excusable neglect the latest a defendant may wait before appealing a final order in a criminal case is forty days after it was entered. <u>See</u> <u>id.</u>

Filing a timely notice of appeal is "mandatory and jurisdictional" and if a defendant fails to do so, a court of appeals is "without jurisdiction to review the decision on the merits." <u>See</u> <u>Budinich v. Becton Dickinson and Co.</u>, 486 U.S. 196,

6

203, 108 S. Ct. 1717, 1722 (1988); accord United States v. Cartwright, 413 F.3d 1295, 1299–1300 (11th Cir. 2005) (criminal defendant's failure to file a timely notice of appeal under Rule 4(b) requires dismissal for lack of jurisdiction); United States v. Arevalo, 408 F.3d 1233, 1236 (9th Cir. 2005) (defendant's "failure to file a timely or effective notice of appeal renders us without jurisdiction to consider the merits of the petitioner's claims"); United States v. Hirsch, 207 F.3d 928, 930–31 (7th Cir. 2000) (if the notice of appeal is untimely the "appeal must be dismissed for want of jurisdiction"); United States v. Rapoport, 159 F.3d 1, 2–3 (1st Cir. 1998) (same); United States v. Christunas, 126 F.3d 765, 768–69 (6th Cir. 1997) (Rule 4(b) compliance "is a jurisdictional prerequisite which this court can neither waive nor extend"); United States v. Marbley, 81 F.3d 51, 52 (7th Cir. 1996) (same); United States v. Houser, 804 F.2d 565, 568 (9th Cir. 1986) (time limits on filing a notice of appeal are "mandatory and jurisdictional"); United States v. Whitaker, 722 F.2d 1533, 1534 (11th Cir. 1984) ("Failure to file a timely notice of appeal leaves the appellate court without jurisdiction.").

The final order of forfeiture about which Machado complains was entered on July 14, 1998 and the ten days he had to file his notice of appeal ran out on July 24, 1998.[1]   Assuming that the district court might somehow have found excusable

---

[1]  A preliminary order of forfeiture is a final and immediately appealable order if it finally determines the defendant's rights in the forfeited property.  United States v. Gross, 213

7

neglect and granted Machado thirty more days for that reason, the last possible date for filing the notice of appeal was August 23, 1998, which was forty days after the district court entered the order. See Sanders v. United States, 113 F.3d 184, 186 (11th Cir. 1997). Machado missed that deadline. Indeed, he never filed a notice of appeal from the order which he seeks to have set aside.

Even if we agreed with Machado's suggestion at oral argument that his Rule 41(e) motion for return of documents could be construed as an appeal from the final order of forfeiture, it still came too late. The Rule 41(e) motion was filed on September 4, 1998, well after the deadline for filing his notice of appeal. And even if the deadline could have been extended under Rule 4(a)(5) for excusable neglect, the maximum extension would have been thirty days, or until August 23, 1998, and the notice of appeal came after that date.

We are aware, of course, that "subject-matter jurisdiction . . . can never be forfeited or waived" and "[c]onsequently, defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court," United States v. Cotton, 535 U.S. 625, 630, 122 S. Ct. 1781, 1785 (2002); see also

F.3d 599, 600 (11th Cir. 2000). However, in this case the preliminary order was amended to include additional property and so did not finally determine Machado's interest in all the property. Thus, Machado's time for appeal in this case ran from the entry of the final order of forfeiture on July 14, 1998. Cf. Christunas, 126 F.3d at 768–69 (refusing to consider for lack of jurisdiction a criminal defendants' appeal from a final order of forfeiture holding that he should have timely appealed in accordance with Rule 4(b) the preliminary order of forfeiture because it was final as to him).

Arbaugh v. Y& H Corp., ___ U.S. ___, ___, 126 S. Ct. 1235, 1240 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."). That principle is not, however, an exception to the requirements for appellate jurisdiction, and if those requirements are not met we cannot review whether a judgment is defective, not even where the asserted defect is that the district court lacked jurisdiction. Arbaugh does not hold or intimate that concerns about the district court's jurisdiction to enter an order or judgment trump a lack of appellate jurisdiction to review a district court judgment. Neither Arbaugh nor any other binding decision holds that a court of appeals always has appellate jurisdiction to decide whether the district court had jurisdiction. Otherwise, an appeal could be filed months, years, or even decades late. See Des Moines Navigation & R.R. Co. v. Iowa Homestead Co., 123 U.S. 552, 8 S. Ct. 217 (1887) (upholding the res judicata effect of a prior decision in spite of the argument that the court lacked jurisdiction to render a judgment in the prior case); United States v. Valadez-Camarena, 402 F.3d 1259, 1260–61 (10th Cir. 2005) (rejecting a jurisdictional challenge to a final conviction and sentence and refusing to consider the merits because the case was no longer pending for purposes of Federal Rule of Criminal Procedure 12(b)(3)); United States v.

9

Hartwell, 448 F.3d 707, 720–21 (4th Cir. 2006) (Williams, J., concurring) (noting that when a criminal defendant failed to file a direct appeal "his conviction and sentence became insulated from jurisdictional challenge except in a collateral proceeding, such as a proceeding under 28 U.S.C.A. § 2255" and the conviction and sentence must be treated as valid for subsequent motions);

## III.

Although we lack jurisdiction to review whether the district court had jurisdiction to enter the final order of forfeiture in July 1998, we do have jurisdiction to review whether the district court erred in denying his Rule 41(g) motion for return of property in February of 2005.   The difference is that Machado did file a timely notice of appeal from the order denying that Rule 41(g) motion.  We review de novo the attendant legal issues, United States v. Howell, 425 F.3d 971, 973 (11th Cir. 2005), but we review the equitable equation of the district court's decision to deny a Rule 41(g) motion only for abuse of discretion. See id. at 974 (citing Gaudiosi v. Mellon, 269 F.2d 873, 881–82 (3d Cir.1959) (reviewing for abuse of discretion the district court's decision to apply the equitable doctrine of unclean hands)); United States v. Bennett, 423 F.3d 271, 274 (3d Cir. 2005) ("In most Rule 41(g) cases demanding return of forfeited property, we review the District Court's decision to exercise its equitable jurisdiction for

10

abuse of discretion." (internal quotation marks and alteration omitted)).

Rule 41(g) states: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized." Fed. R. Cr. P. 41(g). The district court can exercise equitable jurisdiction over a Rule 41(g) motion filed after criminal proceedings have ended. United States v. Martinez, 241 F.3d 1329, 1329 (11th Cir. 2001). "[I]n order for a district court to grant a Rule 41(g) motion, the owner of the property must have clean hands." Howell, 425 F.3d at 974.

The district court properly denied Machado's Rule 41(g) motion, because the exercise of equitable jurisdiction in his favor would be inequitable. It would return to a criminal the fruits of his crimes, giving him an illicit multi-million dollar windfall. It would give back to him property that he voluntarily forfeited to the government as part of a valid plea agreement, an agreement which gave him ample consideration in return. Having gotten the full benefit of his bargain, it would be inequitable to allow Machado to escape the burdens.

Even if Machado were not barred by equitable principles from obtaining the relief he seeks, his claim would be time barred. "When an owner invokes Rule 41(g) after the close of all criminal proceedings, the court treats the motion for

11

return of property as a civil action in equity." Howell, 425 F.3d at 974. Civil actions filed against the government are subject to a six year statute of limitation. 28 U.S.C. § 2401(a) ("[E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."). Because Rule 41(g) actions filed after the close of the criminal proceedings are treated as civil actions, they are subject to the six year statute of limitation in § 2401(a). See United States v. Sims, 376 F.3d 705, 708–09 (7th Cir. 2004) (holding that § 2401(a) applies to a Rule 41(g) motion); United States v. Wright, 361 F.3d 288, 290 (5th Cir. 2004) (same); United States v. Rodriguez Aguirre, 264 F.3d 1195, 1210 (10th Cir. 2001) (same); United States v. Minor, 228 F.3d 352, 359 (4th Cir. 2000) (same); Clymore v. United States, 217 F.3d 370, 373 (5th Cir. 2000) (same).

A legal claim is not like a fine wine that gets better with age. It is more like milk, which spoils after its expiration date. The six-year statute of limitations began to run when the final order of forfeiture was entered against Machado on July 14, 1998. His December 17, 2004 Rule 41(g) motion offered up a claim that had been rendered legally unpalatable by the passage of time.

**IV.**

The All Writs Act, 28 U.S.C. § 1651(a), adds nothing to Machado's case. It

12

provides that: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Supreme Court has instructed that this source of federal court power must only be used in "extraordinary circumstances." Kerr v. U.S. Dist. Court for N. Dist. of Cal., 426 U.S. 394, 403, 96 S. Ct. 2119, 2124 (1976). As the Court has explained: "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43, 106 S. Ct. 355, 361 (1985). As we put it two years ago, "[t]he Act does not create any substantive federal jurisdiction," but instead it is only "a codification of the federal courts' traditional, inherent power to protect the jurisdiction they already have, derived from some other source." Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1099–1100 (11th Cir. 2004).

The district court did not abuse its discretion in declining to exercise

13

jurisdiction under the All Writs Act. This is not an extraordinary case that merits use of extraordinary authority. Machado had adequate remedies available to him. He could have timely appealed the final order of forfeiture in accordance with appellate Rule 4(b). Another procedure which supplies jurisdiction to determine whether this type of relief should be granted is Rule 41(g). As we have already explained, because Machado's claim seeks relief that would not be equitable, and because he waited too late to file his Rule 41(g) motion, his claim cannot succeed under that provision. We will not use the All Writs Act as a fix all provision to plug up holes in a party's position, holes through which any claim to relief has drained out.

## V.

Finally, Machado asserts that the order of forfeiture violates his due process and double jeopardy rights and that we should fashion an equitable remedy to correct those violations. Machado does not have a valid due process or double jeopardy claim, and even if he did he would not have a viable procedural basis through which to assert it. The law provides appeals for the purpose of raising claims like these, and he failed to appeal.

**AFFIRMED**.

14