[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-12497
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 13, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-00003-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC WATKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(December 13, 2006)**

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

This is Eric Watkins's second appearance before this Court. We previously affirmed his conviction and 121-month sentence for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841 and 846. See United

States v. Watkins, No. 01-14357 (11th Cir. Jun. 10, 2002) (unpublished) ("Watkins I"). Watkins now appeals the district court's denial of his motion, filed pursuant to Fed. R. Crim. P. 41(g), to return property seized during criminal forfeiture proceedings that took place after his sentencing hearing. At the sentencing hearing, the government noted that it intended to submit a forfeiture order and the district court, which had already entered a preliminary forfeiture order ("PFO"), found that forfeiture was "appropriate." The government subsequently moved for, and the district court entered, a final forfeiture order ("FFO") after Watkins had filed his appeal in Watkins I. On appeal, Watkins argues that the district court erred by not issuing an FFO at his sentencing hearing as part of his "sentencing package" and by not including the forfeiture in its final written judgment. Because Watkins never filed a notice of appeal from the underlying FFO, we lack jurisdiction to review it. After careful review, we discern no abuse of discretion in the district court's denial of Watkins's Rule 41(g) motion and accordingly affirm.

When reviewing a district court's denial of a motion for the return of seized property, we review questions of law de novo and factual findings for clear error. United States v. Howell, 425 F.3d 971, 973 (11th Cir. 2005). We review the district court's application of Fed. R. Crim. P. 36 de novo. United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir. 2004).

2

The procedural history is as follows. After a jury trial, in May 2001, Watkins was convicted of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846. The jury also returned a special verdict, pursuant to 21 U.S.C. § 853(a)(1) and (2), finding that Watkins should forfeit $100,000. On May 24, 2001, the government moved for a PFO of the properties identified in the jury's special verdict. From our review of the record, the foregoing motion was served on Watkins, but he did not file a response. On May 29, 2001, the district court granted the government's motion and entered a PFO ordering Watkins to forfeit $100,000.

At the sentencing hearing, on July 24, 2001, after pronouncing Watkins's 121-month sentence, the district court asked if there were "forfeiture items" that needed to be addressed, to which the government responded that it intended to submit a draft FFO, but that the court was required to make a finding, on the record at the sentencing hearing, as to whether forfeiture was appropriate. The court found that forfeiture was "appropriate," and the probation officer recommended that the court should include language from United States v. Gilbert, 244 F.3d 888 (11th Cir. 2001). The district court then reiterated that forfeiture was appropriate "[i]n accordance with U.S. v. Gilbert." There were no objections to the foregoing procedure.

On July 31, 2001, the court entered a written criminal judgment, which did not include any mention of forfeiture, and Watkins filed his notice of appeal in Watkins I. The following day, the government filed its motion for an FFO, noting that the trial court had included forfeiture in its oral pronouncement of sentence. Watkins did not file any objections or otherwise respond. On August 3, 2001, three days after the criminal judgment was entered and eight business days after sentencing, the district court entered an FFO. At no point did Watkins appeal from the FFO.

On August 31, 2001, the government filed a "Motion and Memorandum to Forfeit Substitute Property," pursuant to 21 U.S.C. § 853(p), seeking the forfeiture of $68,380 in cash, which previously had been seized from Watkins's property. Watkins filed a response to the Motion, but he did not challenge the underlying forfeiture and instead argued that the identified $68,380 was not related to his conviction. The district court granted the government's motion, finding that Watkins already had disposed of the $100,000 specified in the original forfeiture order. Thereafter, on November 14, 2001, the government filed a motion to amend the FFO, which the district court granted in an order reflecting that forfeiture of the $68,380 was in partial satisfaction of the original $100,000 forfeiture amount.

Watkins then filed a "Motion to Modify or Set [Aside] Order Forfeiting Substitute Property," arguing that the government's Motion to Substitute Forfeiture Property had not been addressed in open court, and that he had not disposed of the $100,000 in forfeited proceeds, such that the substitution of forfeiture property was improper. Watkins also attempted to appeal the district court's order granting the government's Motion to Substitute Forfeiture Property, but we dismissed the appeal as untimely. Watkins then filed a "Second Motion For Final Judgement on Defendant['s] Motion to Modify or Set Aside Order Forfeiting Substitute Property."

The district court denied Watkins's motion for modification of the substitute-property order and granted his motion for final judgment. Watkins then filed another appeal in this Court, this time from the order denying his motion to modify or set aside judgment, but we dismissed the appeal for lack of jurisdiction, because the appeal was untimely.

On November 25, 2003, Watkins, now proceeding pro se, filed a "Motion for Return of Property," pursuant to Fed. R. Crim. P. 41(e), seeking return of the $68,380. He argued that the issue of forfeiture was not addressed at sentencing or made a part of the criminal judgment, and that the FFO was insufficient as it was entered after the written criminal judgment. The government responded that the

5

FFO entered three days after the final judgment was properly made a part of the final judgment, as it had been discussed and forfeiture was ordered as part of the oral pronouncement at sentencing. The government noted that the circuits were split as to whether a court may amend a judgment to include an order of forfeiture more than seven days after the entry of judgment, pursuant to Fed. R. Crim. P. 36.

The magistrate judge denied Watkins's motion to return property, stating that the relief was denied for "the reasons stated in the government's response" and based on this Court's decision in United States v. Arevalo, No. 02-15388 (11th Cir. May 13, 2004) (unpublished). Over Watkins's objections, the district court adopted the magistrate judge's order. This appeal followed.

As a preliminary matter, we must address the scope of our jurisdiction. United States v. Cartwright, 413 F.3d 1295, 1299 (11th Cir. 2005); Gilchrist v. State Farm Mut. Auto. Ins. Co., 390 F.3d 1327, 1330 (11th Cir. 2004) (noting that "we are required, even sua sponte, to initiate an inquiry into our subject-matter jurisdiction whenever we become concerned that it may not exist."). We recently held that we lacked jurisdiction to review a district court's entry of an FFO where the defendant had not timely appealed the order. See United States v. Machado, 465 F.3d 1301, 2006 WL 2796474 (11th Cir. 2006). Indeed, in Machado, just like here, the defendant filed no appeal from the FFO which he asked us to set aside.

6

Id., 2006 WL 2796474 at *3. We held that because the filing of a timely notice of appeal was jurisdictional, Machado's failure to file one stripped us of jurisdiction to review the FFO order. Id.

Here, the FFO was entered on August 3, 2001. Under Rule 4 of the Federal Rules of Appellate Procedure, in a criminal case, a defendant who takes an appeal as of right must file his notice of appeal "within 10 days after the later of . . . the entry of either the judgment or the order being appealed . . . ." Fed. R. App. P. 4(b)(1)(A)(i). The district court may extend the 10-day period by up to thirty days if a party shows excusable neglect. See Fed. R. App. P. 4(b)(4). "Even if there is excusable neglect the latest a defendant may wait before appealing a final order in a criminal case is forty days after it was entered." Machado, 2006 WL 2796474 at *2 (emphasis added).

The deadlines of Federal Rule of Appellate Procedure 4 have long since passed and Watkins did not file a timely notice of appeal from the FFO. Instead, he filed numerous post-judgment motions, including the Rule 41(g) motion to return seized property that forms the basis of this appeal. In short, our recent decision in Machado makes clear that we lack jurisdiction to review the underlying FFO.

7

Although we cannot review the underlying FFO, we retain jurisdiction to review the district court's denial of Watkins's motion for return of property because Watkins filed a timely notice of appeal from that order. Id. at *5. We review legal issues connected to the 41(g) motion de novo, but review "the equitable equation of the district court's decision to deny a Rule 41(g) motion only for abuse of discretion." Id.

According to Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized." Fed. R. Crim. P. 41(g). "The district court can exercise equitable jurisdiction over a Rule 41(g) motion filed after criminal proceedings have ended." Machado, 2006 WL 2796474 at *5. Notably, for the district court to exercise its equitable jurisdiction, "the owner of the properly must have clean hands." Id. (internal quotation marks omitted).

As in Machado, it would be inequitable to return to Watkins "the fruits of his crime," and the district court did not abuse its discretion by denying the Rule 41(g) motion. Id. Although the defendant in Machado voluntarily forfeited his property as part of a plea agreement, while Watkins has always maintained that the substitute property ($68,380 in cash) was from a legitimate business he operated,

8

the equities still are not in his favor. The district court expressly rejected Watkins's suggestion that the $68,380 was not related to his illegal activities. After Watkins filed an untimely appeal of that ruling, we dismissed the case for lack of jurisdiction. Accordingly, under the law-of-the-case doctrine, the district court's determination about the $63,380 -- that it came from Watkins's criminal activities -- may not be relitigated here. See United States v. Jordan, 429 F.3d 1032, 1035 (11th Cir. 2005) (explaining that "[t]he law of the case doctrine bars the relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case" (internal citations and quotations omitted)). We discern no abuse of discretion in the district court's order denying Watkins's Rule 41(g) motion for return of forfeited property, which is the only determination properly before us in this appeal. Accordingly, we affirm.

**AFFIRMED.**