

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-18-2007

# In Re Tagliamonte

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1610

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re Tagliamonte " (2007). 2007 Decisions. Paper 921.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/921

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1610
_____

IN RE:  RICHARD TAGLIAMONTE,
                                        Appellant
_____

On Appeal From the United States District Court
For the District of New Jersey
(D. N.J. Civ. No. 07-cv-00255)
District Judge:  Honorable Dennis M. Cavanaugh
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 1, 2007
BEFORE:  CHIEF JUDGE SCIRICA, WEIS and GARTH, CIRCUIT JUDGES

(Filed: June 18, 2007)

_____

OPINION

_____

PER CURIAM.

        Richard Tagliamonte, proceeding pro se, appeals from an order of the United

States District Court for the District of New Jersey denying his petition for a writ of

prohibition.  We will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

        In his petition, Tagliamonte alleged that he was arrested in 2004 and

1

confined in the Federal Detention Center in Philadelphia. He stated that the search warrants issued in his case were invalid, that he pleaded not guilty to the charges against him, and that he is awaiting trial. Although much of the petition is unclear, Tagliamonte asserted that the District Court lacks jurisdiction over the criminal proceedings, and sought a writ directing his release from custody and declaring his indictment null and void.

The District Court treated Tagliamonte's filing as a mandamus petition, and recognized that it has jurisdiction under 28 U.S.C. § 1361 to compel an officer or employee of the United States or any agency to perform a duty owed to the plaintiff. The District Court correctly denied mandamus relief because Tagliamonte did not identify any such officer or employee who owes a duty to him, and because he has other available remedies. See Billiteri v. United States Bd. of Parole, 541 F.2d 938, 946 (2d Cir. 1976) (noting that a plaintiff must lack another remedy for a writ of mandamus to issue under § 1361). Tagliamonte may challenge the charges against him in his pending criminal proceedings, or the legality of his confinement in a habeas petition under 28 U.S.C. § 2241.

Although Tagliamonte sought a writ under 28 U.S.C. § 1651(a), the All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute; it does not authorize courts to issue writs whenever compliance with statutory procedures appears inconvenient or less appropriate. See United States v. Machado, 465 F.3d 1301, 1308 (11th Cir. 2006). The District Court did not err in considering whether a

2

writ should issue under § 1361 or in treating Tagliamonte's filing as a mandamus petition. See In re Sch. Asbestos, 921 F.2d 1310, 1313 (3d Cir. 1990) (noting in an action under § 1651(a) that modern courts have shown little concern for the technical differences between mandamus and prohibition). In sum, a petition for a writ of prohibition is not a proper vehicle to challenge a criminal matter that is proceeding before a District Judge.

Accordingly, we shall dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).