[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 16, 2008
THOMAS K. KAHN
CLERK

No. 07-11461
Non-Argument Calendar

_____

D. C. Docket No. 01-00045-CR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMUEL WAYNE RYLEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 16, 2008)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellant Samuel Wayne Rylee ("Rylee") appeals the district court's denial

of his motion to vacate the preliminary order and/or final order of forfeiture, in connection with his 2002 convictions and sentences for conspiracy and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(B), and 846, which the district court treated as a Fed.R.Crim.P 41(g) motion for return of property. On appeal, Rylee argues that the district court's final order of forfeiture should be vacated because, by not including the preliminary order of forfeiture in his written judgment and commitment, the district court lacked jurisdiction to issue the final order after sentencing. The government argues that we lack appellate jurisdiction to review the district court's order of forfeiture because Rylee failed to timely appeal the order.

We review our subject matter jurisdiction *de novo*. *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005). A defendant must file a notice of appeal within the time prescribed by Fed.R.App.P. 4(b), or we lack appellate jurisdiction to review the lower court's decision on the merits. *United States v. Machado*, 465 F.3d 1301, 1305 (11th Cir. 2006). Pursuant to Fed.R.App.P. 4(b), a defendant must file a notice within 10 days after the entry of the judgment that is being appealed, or within 40 days if the district court grants an extension due to excusable neglect or good cause. Fed.R.App.P. 4(b)(1)(A)(i), (b)(4).

2

We review *de novo* the legal issues connected to a Rule 41(g) motion, and review for abuse of discretion the district court's decision to exercise its equitable jurisdiction and deny a Rule 41(g) motion. *Machado*, 465 F.3d at 1307. Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed.R.Crim.P. 41(g). A district court may exercise equitable jurisdiction over a Rule 41(g) motion for return of property after the criminal proceedings have concluded. *Machado*, 465 F.3d at 1307. For a district court to grant a Rule 41(g) motion, the "owner of the property must have clean hands." *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). In *Machado*, we noted that it would be inequitable to "return to a criminal the fruits of his crimes, giving him an illicit . . . windfall." 465 F.3d at 1307. We also noted that it would be inequitable to give back to a defendant "property that he voluntarily forfeited to the government as part of a valid plea agreement, an agreement which gave him ample consideration in return," or to allow the defendant to "escape the burdens" after receiving the "full benefit of his bargain." *Id.*

Based upon a review of the record and the parties' briefs, we conclude that there was no reversible error. We lack appellate jurisdiction to review the district court's order of forfeiture because Rylee did not timely appeal that order.

3

Moreover, we conclude from the record that the district court did not abuse its discretion in denying Rylee's Rule 41(g) motion because it would be inequitable to return to Rylee property that he obtained through criminal activity and voluntarily forfeited pursuant to a plea agreement from which he benefitted. Accordingly, we affirm the district court's order denying the motion to vacate an order of forfeiture.

**AFFIRMED.**