[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10177
Non-Argument Calendar

_____

D. C. Docket No. 05-00009-CR-ORL-18-JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROWLAND WASHINGTON JADUSINGH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 18, 2008)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Rowland Washington Jadusingh appeals pro se the denial of his

post-conviction motion to recover money and real property that was forfeited as a term of his plea of guilty to drug and firearm charges. Fed. R. Crim. P. 41(g). Jadusingh argues that the district court did not have jurisdiction to order the forfeiture and he was coerced to accept the forfeiture. We affirm.

## I. BACKGROUND

Jadusingh was indicted in 2005 for conspiracy and possession with intent to distribute cocaine, 21 U.S.C. §§ 841(a), 846, and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c). Jadusingh agreed, in exchange for his plea of guilt to the conspiracy and firearm charges, to forfeit $38,019 seized from a residence in Hobe Sound, Florida; $6500 seized from a safe deposit box; and real property in West Palm Beach, Florida. In the plea agreement, Jadusingh admitted that the cash was "proceeds of drug trafficking"; he "purchase[d] and maintain[ed]" the West Palm Beach property with "[p]roceeds from narcotics trafficking and funds traceable to narcotics trafficking"; and he used the real property to "store[] proceeds of narcotics trafficking and narcotics . . . ." Jadusingh acknowledged that his plea of guilty was made freely and voluntarily, "without threats, force, intimidation, or coercion of any kind."

Jadusingh pleaded guilty to the conspiracy and firearm charges. 21 U.S.C. § 846; 18 U.S.C. § 924(c). During the plea colloquy, Jadusingh affirmed that he was

2

knowingly and voluntarily pleading guilty and he understood the forfeiture provisions of the plea agreement. Jadusingh did not object to the forfeiture when it was mentioned at sentencing; when the district court entered final judgment in June 2005; when the district court entered a final order of forfeiture on the $38,019 and real property in October 2005; or when the U.S. Customs and Border Protection administratively forfeited the $6500 in February 2006.

In December 2007, Jadusingh moved to recover the cash and property he had forfeited. Fed. R. Crim. P. 41(g). Jadusingh explained that he did not attempt to recover the property earlier because his case agent threatened to indict Jadusingh's mother. Jadusingh alleged that the cash was derived from insurance payments and proceeds from his parents' business and the district court did not have jurisdiction to seize the property because Jadusingh is a Seminole Indian, he was not on tribal land at the time the seizure occurred, and he was not charged under the Major Crimes Act of 1885. The district court denied the motion and ruled that Jadusingh agreed to forfeit the property in his plea agreement and at sentencing.

## II. STANDARDS OF REVIEW

We review de novo "questions of law dealing with a district court's denial of a motion for return of seized property . . . ." United States v. Howell, 425 F.3d

3

971, 973 (11th Cir. 2005) (citing United States v. Castro, 883 F.2d 1018, 1019 (11th Cir. 1989)).  We review the denial of a motion under Rule 41(g) for abuse of discretion.  United States v. Machado, 465 F.3d 1301, 1307 (11th Cir. 2006) (citing Howell, 425 F.3d at 974).

### III. DISCUSSION

Jadusingh challenges the ruling of the district court on two grounds.  First, Jadusingh contends that the district court did not have jurisdiction to order the forfeiture because he is a Seminole Indian and the Major Crimes Act limits the authority of the district court to the prosecution of offenses committed by an Indian on a reservation.  Second, Jadusingh argues that he agreed to forfeit the money and property under threat that the government would indict his mother and under pressure from his defense attorney, who faced unrelated federal charges.

Jadusingh's arguments fail.  Jadusingh argues that the district court lacked jurisdiction under the Major Crimes Act, but Jadusingh admits that his conspiracy and firearm crimes did not occur on Indian land.  See 18 U.S.C. § 1153; Keeble v. United States, 412 U.S. 205, 93 S. Ct. 1993 (1973).  Although Jadusingh argues that he was coerced to forfeit his money and property, the record establishes that he knowingly and voluntarily agreed to the forfeiture as a term of his plea agreement with the government.  Jadusingh admitted that the money and property were

4

proceeds of drug crimes and the real estate was used to store narcotics and drug money.  See Machado, 465 F.3d at 1307.  The district court did not abuse its discretion by denying Jadusingh's motion to return property.

## IV. CONCLUSION

The denial of Jadusingh's motion is **AFFIRMED**.