[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 13-13960, No. 13-14542
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20684-PAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAZARO PRAT,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____
(September 22, 2014)

Before HULL, WILLIAM PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Lazaro Prat, a pro se federal prisoner, appeals:

(1) the district court's denial of his motion for return of property under Federal

Rule of Criminal Procedure 41(g); and (2) its final order of forfeiture entered after

ancillary proceedings to resolve third-party claims to properties Prat previously forfeited (pursuant to his guilty plea in his criminal proceedings). After review, we affirm the district court's denial of Prat's Rule 41(g) motion and dismiss Prat's appeal of the final forfeiture order for lack of subject matter jurisdiction.

## I.  BACKGROUND

### A.     Prat's Guilty Plea and Agreement to Forfeit Property

Pursuant to a written plea agreement, Prat pled guilty to conspiracies to commit healthcare fraud and money laundering. In the plea agreement, Prat also agreed (1) to forfeit to the United States all of his rights, title, and interest in a list of properties, including amounts in certain bank accounts, real property, and two vehicles, and (2) that all the listed properties were involved in or traceable to his offenses, pursuant to 18 U.S.C. § 982(a)(1).

In his plea agreement, Prat further agreed to waive various defenses to the forfeiture, to waive his right to appeal the forfeiture, and to waive his right to appeal his sentence, with limited exceptions not relevant to this appeal.[1] Prat also signed a factual proffer stating, inter alia, that he had used funds from his

---

[1]Prior to briefing, the government filed a motion to dismiss Prat's appeal as barred by his appeal waivers in his plea agreement. This Court denied the government's motion without prejudice to raise the issue again in its merits brief. The government, however, has not raised the appeal-waiver issue in its merits brief. Therefore, we assume arguendo that the provisions of Prat's plea agreement waiving his rights to appeal do not preclude his appeal of the district court's denial of his Rule 41(g) motion.

fraudulent scheme to purchase the real and personal property that he had agreed to forfeit in his plea agreement.

During Prat's plea hearing, the district court engaged in a lengthy discussion with the parties concerning the forfeiture. At the end of that discussion, Prat affirmed that he understood he was relinquishing any interest he might have in the properties listed as subject to forfeiture in his plea agreement. The district court accepted Prat's guilty plea, finding that it was knowing, voluntary, and adequately supported by a factual basis.

## B.    Preliminary Forfeiture Orders

In September 2012, upon the government's motion, the district court entered a preliminary forfeiture order covering all the properties listed as subject to forfeiture in Prat's plea agreement. The order indicated the preliminary forfeiture would become final at sentencing, would become part of Prat's sentence, and would be included in the judgment and commitment order.

In November 2012, the government, with Prat's consent, filed a motion for a second preliminary forfeiture order adding two more pieces of real property. The district court granted the motion and entered a second preliminary forfeiture order covering those two properties.

## C.    Sentencing

At Prat's December 19, 2012 sentencing hearing, the district court calculated an advisory guidelines range of 135 to 168 months' imprisonment and imposed a total sentence of 135 months. The government asked the court to incorporate the preliminary forfeiture orders into the judgment, and the court agreed without objection from Prat.

Two days later, on December 21, 2012, the district court entered a judgment against Prat. Concerning the forfeiture, the judgment stated that Prat shall forfeit to the United States the properties listed in the preliminary forfeiture order entered in September 2012 and incorporated that order by reference. On December 26, 2012, the district court entered an amended judgment against Prat that altered the forfeiture language to incorporate by reference the November 2012 preliminary forfeiture order as well.

Prat did not appeal his convictions, sentences, or the forfeiture orders.

## D. Rule 41(g) Motion

In January 2013, the district court began an ancillary proceeding to resolve the claims of several third parties who asserted interests in some of the properties identified in the preliminary forfeiture orders. See 18 U.S.C. § 982(b)(1) (providing that forfeiture under the statute is governed by the provisions of 21 U.S.C. § 853); 21 U.S.C. § 853(n)(2) (providing for third-party petitions for a hearing to adjudicate the validity of third-party interests in forfeited property); see

4

generally United States v. Davenport, 668 F.3d 1316 (11th Cir. 2012) (describing the ancillary proceedings in § 853(n) to adjudicate third-party claims).

On August 15, 2013, during the pendency of the ancillary proceeding, Prat filed a pro se motion for the return of property pursuant to Rule 41(g) and to dismiss the ancillary proceeding. Prat argued that his interest in the properties listed in his plea agreement was never forfeited because the district court failed to enter a forfeiture order "during the oral pronouncement of sentencing" or "as part of the written judgment." Therefore, Prat contended, the government's continued seizure of his properties was unlawful.

The government responded, stressing (1) that Prat consented to the forfeiture as part of his guilty plea; (2) the district court expressly pronounced the forfeiture at sentencing; and (3) the district court incorporated both preliminary forfeiture orders in its amended judgment. On August 19, 2013, the district court denied Prat's motion for the reasons given by the government.

After entering into a stipulated settlement agreement with the third-party claimants, the government moved the district court for entry of a final order of forfeiture. On September 17, 2013, the district court entered a final order of forfeiture resolving the third parties' interests. [2] Prat appealed the district court's

---

[2]Pursuant to these approved settlement agreements, the United States released two pieces of real property for lack of equity and a third piece of real property was dismissed from the

5

August 19, 2013 order denying his Rule 41(g) motion and its September 17, 2013 final forfeiture order.

## II.  DISCUSSION

### A.    District Court's Forfeiture Orders as to Prat

On appeal, Prat primarily argues that the properties listed in his plea agreement were never lawfully forfeited because the district court's oral pronouncement of Prat's sentence at the sentencing hearing failed to include the forfeiture of his properties.  In response, the government points out that the record belies Prat's claim because at sentencing the district court agreed to the government's request that the preliminary orders of forfeiture be incorporated into the judgment.  In any event, to the extent Prat attacks the propriety or legality of the forfeiture of his properties, his appeal is untimely under Federal Rule of Criminal Procedure 4(a).

"[C]riminal forfeiture is part of a defendant's sentence."  United States v. Gilbert, 244 F.3d 888, 924 (11th Cir. 2001).  With respect to the defendant (as opposed to third-party claimants), the district court's preliminary forfeiture orders become final at his sentencing.  See Fed. R. Crim. P. 32.2(b)(4)(A); United States v. Petrie, 302 F.3d 1280, 1284 (11th Cir. 2002) ("At sentencing, the order of

---

November preliminary forfeiture order, but the remaining properties were forfeited to the United States.

6

forfeiture becomes final as to the defendant and is made a part of the sentence and included in the judgment." (quotation marks omitted)).

A defendant's time to file an appeal from a criminal forfeiture order begins to run when the judgment is entered.  Fed. R. Crim. P. 32.2(b)(4)(C).  Therefore, Prat had fourteen days from December 26, 2012—the date the district court entered the amended judgment on the docket—or until January 9, 2013, to file a timely appeal of the forfeiture orders.  See Fed. R. App. P. 4(b)(1)(A)(i).  Prat, however, did not appeal his convictions or sentences, including the district court's forfeiture orders.

Instead, on August 13, 2013, Prat filed a Rule 41(g) motion and then filed a notice of appeal of the denial of his Rule 41(g) motion on August 27, 2013.  Thus, as the government contends in its appeal brief, Prat's attempt to attack the forfeiture orders in this appeal is untimely.  See United States v. Lopez, 562 F.3d 1309, 1313-14 (11th Cir. 2009) (explaining that, although Rule 4(b)'s ninety-day filing deadline is not jurisdictional, we must apply Rule 4(b)'s time limits upon objection by the government, which may be raised for the first time in its brief on appeal).  Accordingly, to the extent Prat seeks review of the district court's forfeiture orders, we dismiss his appeal.

**B.    District Court Denial of Prat's Rule 41(g) Motion**

7

Under Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property . . . may move for the property's return." Fed. R. Crim. P. 41(g). When the property owner "invokes Rule 41(g) after the close of all criminal proceedings, the court treats the motion for return of property as a civil action in equity." United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005). "In order for an owner of property to invoke Rule 41(g), he must show that he had a possessory interest in the property seized by the government," and that he has "clean hands" with respect to the property. Id.[3]

Here, the district court properly denied Prat's Rule 41(g) motion. The undisputed facts in the record demonstrate that, at the time of his Rule 41(g) motion, Prat no longer had a possessory interest in the forfeited properties. As part of his plea agreement, Prat agreed that the listed properties were subject to forfeiture and agreed to give up all interest in them. At his plea hearing, Prat voluntarily pled guilty and explicitly affirmed that he was relinquishing any interest in the properties. And, finally, Prat did not appeal his sentence and raise a challenge to the forfeiture. Given that Prat already had voluntarily forfeited the properties at the time of this Rule 41(g) motion, he no longer had a possessory interest.

---

[3]We review questions of law relating to a Rule 41(g) motion de novo, but review "the equitable equation of the district court's decision to deny a Rule 41(g) motion only for abuse of discretion." United States v. Machado, 465 F.3d 1301, 1307 (11th Cir. 2006), abrogated on other grounds by Bowles v. Russell, 551 U.S. 205, 208-13, 127 S. Ct. 2360, 2363-66 (2007).

In addition, Prat undisputedly had "unclean hands."  As part of his guilty plea, Pratt admitted that he had used funds obtained from his fraud scheme to purchase the property he had agreed to forfeit.  Given these undisputed facts, the district court did not abuse its discretion in denying him equitable relief under Rule 41(g).

Furthermore, because the undisputed facts showed that Prat was not entitled to relief under Rule 41(g), the district court was not required to hold an evidentiary hearing before denying his Rule 41(g) motion.  See Fed. R. Crim. P. 41(g) (requiring the district court to "receive evidence on any factual issue necessary to decide the motion"); see also Howell, 425 F.3d at 974 (concluding that the "uncontradicted facts" showed the defendant did not have a possessory interest in the $140,000 the government gave a cooperating source to purchase cocaine from the defendant).  For these reasons, Prat has shown no error in the district court's denial of his Rule 41(g) motion.

## C.    District Court's Final Order of Forfeiture as to Third Party Claimants

When the district court enters a preliminary order of forfeiture against the defendant, it does so "without regard to any third party's interest in the property," and "[d]etermining whether a third party has such an interest" is deferred until the third party "files a claim in an ancillary proceeding  . . . ."  Fed. R. Crim. P. 32.2(b)(2)(A).  As such, the preliminary forfeiture order "remains preliminary as to

9

third parties until the ancillary proceeding is concluded." Fed. R. Crim. P. 32.2(b)(4)(A).

After entry of the criminal forfeiture order against the defendant, "[a]ny person, other than the defendant, asserting a legal interest" in the forfeited property may "petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(2) (emphasis added); see also Fed. R. Crim. P. 32.2(c)(1) ("If, as prescribed by statute, a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding . . . ."). After the ancillary proceeding has ended, "the court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights." Fed. R. Crim. P. 32.2(c)(2). "Because the final order of forfeiture has no bearing on the defendant's rights, the defendant has no right to appeal that order." United States v. Flanders, 752 F.3d 1317, 1343 (11th Cir. 2014) (dismissing defendant's appeal of a post-ancillary proceeding final order of forfeiture for lack of standing).

Here, as already discussed, the preliminary orders of forfeiture became final as to Prat at his sentencing. See Fed. R. Crim. P. 32.2(b)(4)(A). Thus, Prat no longer had any interest in the properties at issue in the ancillary proceeding. The district court's final order of forfeiture determining third-party rights to the forfeited properties "ha[d] no bearing on" Prat's rights, and Prat lacked standing to

appeal that order.  See Flanders 752 F.3d at 1343.  Accordingly, we dismiss Prat's

appeal for lack of jurisdiction to the extent he challenges the district court's

September 17, 2013 final order of forfeiture regarding the third-party claimants.

**AFFIRMED IN PART; DISMISSED IN PART.**