[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11525
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-20878-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICKY NELSON BYNUM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 12, 2019)

Before TJOFLAT, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Ricky Nelson Bynum appeals pro se the denial of his motion for return of

property under Federal Rule of Criminal Procedure 41(g).  On appeal, Mr. Bynum

argues that the forfeiture orders should be reversed because he never received notice of the administrative forfeiture of his 2016 Chrysler 300S and $47,225 cash by the Drug Enforcement Agency ("DEA"), and that he won the Chrysler and he won and inherited the cash.

I.

On September 19, 2016, law enforcement searched Mr. Bynum's residence pursuant to a search warrant. There, they located crack cocaine, distribution paraphernalia, firearms, and U.S. currency. On October 28, 2016, the DEA sent via certified mail notices to Mr. Bynum, his wife, and his counsel, notifying of the seizure of $47,225 and the procedures for contesting such a seizure. Individuals accepting these notices signed the signature block. Similarly, on November 1, 2016, the DEA sent via certified mail notices to Mr. Bynum and his counsel notifying of the seizure of a 2016 Chrysler automobile and the procedures for contesting the same. Again, individuals accepting these notices signed the signature block. Starting on November 14, 2016, and continuing for 30 consecutive days, the DEA posted notice of these seizures on Forefiture.gov again explaining the procedures for contesting the same.

During the intervening period, on November 18, 2016, Mr. Bynum was charged by information with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm in

2

relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c).  The information contained forfeiture allegations stating in relevant part that, upon conviction of a violation of § 841, Mr. Bynum "shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation, and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violation . . . ." [Doc. 12 at 2.]  The allegation also provided that:

> The property subject to forfeiture includes, but is not limited to, the following property seized from the defendant's residence on or about September 19, 2016:
>
> a. One (l) Winchester Model 94 30-30 Rifle (SN# 4530724);
> b. One (1) Kahr Arms CW 40 .40 handgun (SN# FE5100) loaded with seven (7) rounds;
> c. One (1) Smith & Wesson Airweight 38 revolver (SN# CJH4901) loaded with five (5) rounds;
> d. $9,026 in U.S. currency.

[Doc. 12 at 3 (emphasis added).]

On January 24, 2017, Mr. Bynum, pursuant to a written agreement, pleaded guilty to both charges in the information.  In his plea agreement, Mr. Bynum agreed to assist the Government in all forfeiture proceedings and specifically agreed to forfeit all rights to certain items including the $47,225.  Mr. Bynum specifically "retain[ed] the right to seek return" of the Chrysler "and the Government retain[ed] the right to seek forfeiture of the Chrysler."  [Doc. 21 at 5.]

3

On January 25, 2017, after no claims contesting the seizures had been received and the time period for filing such claims had expired, the DEA issued declarations of administrative forfeiture as to the $47,225 and the Chrysler pursuant to 19 U.S.C. § 1609.

In February 2018, Mr. Bynum filed a pro se motion for the return of the $47,225 and the Chrysler pursuant to Rule 41(g).  This motion asserted that the Government did not give him notice of these forfeitures, that the seizures violated his due process rights because the information left our an essential element of his offense, that the seizures violated his Fourth Amendment rights because the Government did not have a warrant to seize his property, and that he won and inherited the seized property.  The district court denied this motion, stating that "this is not a case where equity compels the Court to intervene."  [Doc. 51 at 1.] Mr. Bynum now appeals.

## II.

### A.    Rule 41(g) Motion

On appeal from the denial of a Rule 41(g) motion, we review questions of law de novo and factual findings for clear error.  United States v. Howell, 425 F.3d 971, 973 (11th Cir. 2005).  We review the "equitable equation" of the district court's decision to deny a Rule 41(g) motion for abuse of discretion.  United States v. Machado, 465 F.3d 1301, 1307 (11th Cir. 2006), abrogated on other grounds as

recognized in United States v. Lopez, 562 F.3d 1309, 1312–13 (11th Cir. 2009). Where a party invokes Rule 41(g) after the close of all criminal proceedings, the motion for return of property is treated as a civil action in equity. Id. "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Money derived from illegal drug transactions and vehicles used to transport drugs and/or facilitate illegal drug transactions are subject to forfeiture. 21 U.S.C. § 881(a)(4), (6). A government agency that seizes property worth less than $500,000 must publish notice of the seizure "for at least three successive weeks in such manner as the Secretary of the Treasury may direct." 19 U.S.C. § 1607(a). Additionally, "[w]ritten notice of seizure together with information on the applicable procedures shall be sent to each party who appears to have an interest in the seized article." Id. After notice is given, a party has 20 days to file a claim on the property. Id. § 1608. If no claims are filed within that time, the agency may declare the property forfeited and sell or otherwise dispose of it. Id. § 1609.

A person aggrieved by an unlawful search and seizure of property may move for its return. Fed. R. Crim. P. 41(g). A Rule 41(g) motion, however, is unavailable when property is seized pursuant to civil forfeiture. United States v.

Eubanks, 169 F.3d 672, 674 (11th Cir. 1999).[1]  When a party seeks relief from a civil forfeiture under Rule 41(g), the district court can only exercise jurisdiction over the claim under two narrow circumstances.  Id.  First, courts may have jurisdiction when the agency refuses to consider a request that it exercise its discretion.  Id.

Second, federal courts "under limited circumstances" may exercise equitable jurisdiction over agency forfeiture decisions.  Id.  As we have explained, "[t]he decision to exercise equitable jurisdiction is highly discretionary and must be exercised with caution and restraint.  In other words, jurisdiction is appropriate only when the petitioner's conduct and the merits of his petition require judicial review to prevent manifest injustice."  Id. (citation omitted).  A court may contemplate the following considerations when deciding whether to exercise equitable jurisdiction: "(1) whether the government agents seized the property in callous disregard for the constitutional rights of the petitioner; (2) whether the petitioner has an individual interest in and need for the material he seeks to have returned; (3) whether the petitioner would be irreparably injured by denial of the return of property; (4) whether the petitioner has an adequate remedy at law."  Mesa Valderrama v. United States, 417 F.3d 1889, 1197 (11th Cir. 2005).

---

[1] Eubanks dealt with Rule 41(e), which was reclassified as Rule 41(g) in 2002 with no substantive changes.  See Fed. R. Crim. P. 41, Advisory Committee Note to the 2002 amendments.

In this case, the district court did not abuse its discretion by denying Mr. Bynum's Rule 41(g) motion for return of property. The Chrysler and $47,225 cash were seized by the DEA under civil forfeiture procedures and laws. Rule 41(g) is not an appropriate vehicle for the return of property seized by civil forfeiture. See Eubanks, 169 F.3d at 674. Moreover, the narrow exceptions that permit courts to exercise jurisdiction do not apply. See id. The first exception does not apply because there is no evidence that the DEA refused to consider a request from Mr. Bynum that it exercise its discretion not to forfeit the property. See id. The second exception does not apply because Mr. Bynum has not demonstrated that his conduct and the merits of his petition required judicial review so as to prevent "manifest injustice." See id.

B.    Civil Asset Forfeiture Act

The exclusive remedy for seeking to set aside a declaration of civil forfeiture is under the Civil Asset Forfeiture Reform Act ("CAFRA"), codified in part at 18 U.S.C. § 983. Id. at 1195. "Thus, a party seeking to challenge a nonjudicial forfeiture that falls within CAFRA's purview is limited to doing so under [§ 983(e)]." Id. That statute provides:

> Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if—

7

> (A)    the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>
> (B)    the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1).  In addition, under CAFRA, a claimant has the burden of proving that he is an "innocent owner," which means that he is an "owner who did not know of the conduct giving rise to the forfeiture."  Id. § 983(d)(1), (2)(A)(i).

We have determined that we lack jurisdiction to review the merits of administrative or nonjudicial forfeitures under CAFRA.  Mesa Valderrama, 417 F.3d at 1196.  Instead, our review is limited to whether the agency followed the "proper procedural safeguards."  Id. (quotation marks omitted).  "The only issue [we] can consider is whether [the petitioner] received the appropriate notice in sufficient time to contest the agency's action of summarily forfeiting the [property]."  Id.  Courts may also invoke their equitable jurisdiction to consider claims brought under CAFRA in "exceptional cases where equity demands intervention."  Id. at 1197.

Due process requires that individuals whose property interests are at risk due to government action be given notice and an opportunity to be heard.  Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S. Ct. 652, 657 (1950).  The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to

8

present their objections."  Id. at 314, 70 S. Ct. at 657.  "Reasonable notice," however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice.  Mesa Valderrama, 417 F.3d at 1197.

Mr. Bynum failed to mention CAFRA as a ground for relief in his motion, but he did argue that he did not receive notice of the civil forfeiture.  Liberally construing Mr. Bynum's pro se motion as an action brought under CAFRA, however, his claim still fails.  The record indicates that Mr. Bynum was given "reasonable notice."   See Mesa Valderrama, 417 F.3d at 1195–97.  Further, this is not an exceptional case where equity demands intervention, as Mr. Bynum was not an "innocent owner" under CAFRA because he knew about and was involved in the conduct giving rise to the forfeiture.  See 18 U.S.C. § 983(d).

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**

9