[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 17, 2012
JOHN LEY
CLERK

No. 11-12216
Non-Argument Calendar

_____

D.C. Docket Nos. 1:10-cv-20260-UU,
0:02-cr-60200-UU-1

VICTOR G. BAXTER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 17, 2012)

Before TJOFLAT, EDMONDSON and FAY, Circuit Judges.

PER CURIAM:

Victor Baxter, a federal prisoner, appeals *pro se* the district court's denial of

his motion to release a hold on property, filed under Fed.R.Crim.P. 41(g), and his

motion to disqualify the district judge, filed pursuant to 28 U.S.C. § 455. For the reasons set forth below, we affirm.

## I.

In 2002, a federal grand jury issued a seven-count superseding indictment against Baxter, charging him with several drug and firearm offenses. The indictment contained a forfeiture count, wherein the government sought forfeiture of cash and other property under 21 U.S.C. § 853(a)(1), (a)(2). In September 2003, a jury convicted Baxter on two counts (distributing and possessing with intent to distribute illegal drugs) and acquitted him of the other five counts. In October 2003, the forfeiture count against Baxter was dismissed, and the district court ordered the government to return the property that had been seized from him.

In March 2011, after Baxter's direct criminal proceedings and his 28 U.S.C. § 2255 proceedings ended, he filed a motion to release a hold on property, pursuant to Fed.R.Crim.P. 41(e).[1] Baxter alleged that, in 2003, after the court had ordered the return of his seized property, the government placed a "hold" on his Ford F-150 pick-up truck in violation of the court's order, and the hold was still pending, causing distress to himself and his family.

---

[1] Rule 41(e) is now codified as Rule 41(g). *See United States v. Howell*, 425 F.3d 971, 976 n.3 (11th Cir. 2005).

The district court issued an order denying and dismissing Baxter's motion. The court stated that the motion was unclear, that it was difficult to determine to which docket (among several) the motion belonged, and that the court was "not convinced" that it had jurisdiction to consider the motion on the merits, even if Baxter's allegations were true.

Subsequently, Baxter moved to disqualify the district court judge, pursuant to 28 U.S.C. § 455. Baxter's sole reason for disqualification was the judge's order denying his motion to release the hold on property. He contended, essentially, that the judge's statement regarding the lack of jurisdiction constituted evidence of bias. The district court denied Baxter's motion on the merits.

II.

We review *de novo* questions concerning a district court's subject matter jurisdiction and may affirm "for any reason supported by the record, even if not relied upon by the district court." *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) (quotation omitted). Rule 41(g) provides, in part: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed.R.Crim.P. 41(g). When an owner "invokes Rule 41(g) after the close of all criminal proceedings, the court treats the motion for return of property as a civil action in equity." *United States*

*v. Machado*, 465 F.3d 1301, 1307 (11th Cir. 2006) (quotation omitted), *overruled on other grounds*, *as recognized in United States v. Lopez*, 562 F.3d 1309, 1311-13 (11th Cir. 2009). Consequently, such Rule 41(g) actions are subject to the six-year statute of limitations found in 28 U.S.C. § 2401(a). *Id.*; *see* 28 U.S.C. § 2401(a) ("[E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.").

In this case, the forfeiture allegations against Baxter were dismissed in October 2003, and he asserted in his Rule 41(g) motion that the government illegally placed a hold on his vehicle in 2003. Yet he waited more than six years, until 2011, before filing the Rule 41(g) motion, rendering the motion untimely. *See* 28 U.S.C. § 2401(a); *Machado*, 465 F.3d at 1307 (stating that the § 2401(a) limitations period began to run from the final order of forfeiture). While the government had not relied on the statute of limitations as a defense, the limitations period in § 2401(a) is jurisdictional and cannot be waived. *See Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006) ("Unlike an ordinary statute of limitations, § 2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity." (quotation omitted)). As a result, the district court had no jurisdiction to consider Baxter's Rule 41(g) motion and

correctly dismissed it for lack thereof.  *See Machado*, 465 F.3d at 1307 (stating that the defendant's Rule 41(g) motion, filed after the six-year limitations period expired, "had been rendered legally unpalatable by the passage of time.").

Because the district court had no jurisdiction to hear Baxter's motion to release the hold on property, there were no proceedings pending before the court from which the judge could have disqualified herself.  Accordingly, the court also lacked jurisdiction over Baxter's motion for disqualification.  *See United States v. Elso*, 571 F.3d 1163, 1165-66 (11th Cir. 2009) (holding that the district court lacked jurisdiction over a motion for recusal because no proceedings were pending before the court at the time the recusal motion was filed), *cert. denied*, 130 S.Ct. 2075 (2010).  Therefore, we affirm.

**AFFIRMED.**