[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 13-11807
Non-Argument Calendar

————————————————

D.C. Docket No. 0:02-cr-60200-UU-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR GARRY BAXTER,

Defendant-Appellant.


————————————————

Appeals from the United States District Court
for the Southern District of Florida

————————————————

(May 16, 2014)

Before PRYOR, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Victor G. Baxter appeals the district court's denial of his two motions for the return of $13,253.  Before the district court, and now on appeal, Baxter argues that he is entitled to two specific sums:  (1) $7,000 in damages, which he claimed the government owed him as a result of a "hold" that it placed on his Ford F-150 pickup truck; and (2) $6,253, which he asserted was taken, not from him, but from a third party.

Under Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property . . . may move for the property's return."  Fed.R.Crim.P. 41(g); *see also United States v. Machado*, 465 F.3d 1301, 1307 (11th Cir.2006), *abrogated on other grounds by Bowles v. Russell*, 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007).  When appropriate, we will review questions of law relating to the Rule 41(g) motion *de novo*, but review "the equitable equation of the district court's decision to deny a Rule 41(g) motion only for abuse of discretion."  *Machado*, 465 F.3d at 1307.

We review application of the law-of-the-case doctrine *de novo*.  *United States v. Bobo*, 419 F.3d 1264, 1267 (11th Cir. 2005).  We also review issues of constitutional standing *de novo*.  *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005).  We liberally construe the pleadings and filings of *pro se* litigants.  *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).  Also, we

2

may affirm the district court's judgment on any basis supported by the record. *Miller v. Harget*, 458 F.3d 1251, 1256 (11th Cir. 2006).

Under the law-of-the-case doctrine, our prior holdings are generally binding in subsequent proceedings in the same case. *Glock v. Singletary*, 65 F.3d 878, 890 (11th Cir. 1995). The doctrine specifically provides that "a legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997) (quotations omitted). "While the 'law of the case' doctrine is not an inexorable command, a decision of a legal issue or issues . . . establishes the 'law of the case' and must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal in the appellate court, unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice." *Id.* at 1561 (quotations omitted). Similarly, we do not permit a litigant to get "two bites at the appellate apple." *See United States v. Fiallo-Jacome*, 874 F.2d 1479, 1482-83 (11th Cir. 1989).

Statutes of limitation are generally subject to equitable tolling.  *Cook v. Deltona Corp.*, 753 F.2d 1552, 1562 (11th Cir. 1985).  The doctrine of equitable tolling is a remedy that we apply "sparingly."  *See, e.g.*, *Drew v. Dep't of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002) (noting that equitable tolling is available to toll the statute of limitations for filing 28 U.S.C. § 2254 habeas petitions).  Equitable tolling "is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence."  *Id.* (quotations omitted) (emphasis in original).  Thus, equitable tolling is an "extraordinary remedy," and the burden of establishing entitlement to it "plainly rests with the petitioner."  *Id.*

"In every federal case, the party bringing the suit must establish standing to prosecute the action."  *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11, 124 S.Ct. 2301, 2308, 159 L.Ed.2d 98 (2004).  Standing is comprised of "two strands: Article III standing, which enforces the Constitution's case-or-controversy requirement, . . . and prudential standing, which embodies judicially self-imposed limits on the exercise of federal jurisdiction."  *Id*. at 11–12, 124 S.Ct. at 2308 (quotations omitted).

Questions of constitutional standing are jurisdictional and must be determined before resolving any other claims.  *Id.* at 11-12, 124 S.Ct. at 2308-09.  To demonstrate Article III standing, a party must show that: (1) he has suffered an

injury in fact; (2) there is a causal connection between the injury and the conduct complained of; and (3) that it is likely, not speculative, that a favorable decision would redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). A plaintiff bears the burden of demonstrating that he meets these elements, and he must establish each of them for each claim he makes. *Id.* at 561, 112 S.Ct. at 2136. If at any time a party fails to meet these requirements, the case no longer presents a live case or controversy and must be dismissed for lack of subject matter jurisdiction. *Florida Wildlife Federation, Inc. v. South Florida Water Mgmt. Dist.*, 647 F.3d 1296, 1302 (11th Cir. 2011).

With respect to prudential standing, a party may not ordinarily vindicate the rights of a third party. *Harris v. Evans*, 20 F.3d 1118, 1121 (11th Cir. 1994). In order to do so, he must first show that he "has suffered an actual or threatened injury." *Id.* at 1122. Second, he must demonstrate that a substantial relationship exists between himself and the third party. *Id.* at 1123. Finally, he must show that the rights of the third party will be diluted or infringed if he is not permitted to enforce that third party's rights. *Id.* at 1124. Thus, in Rule 41 disputes, the claimant must demonstrate that he has a possessory interest in the seized property. *See United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005).

Baxter's first claim—that he was entitled to $7,000 for the face value of his truck—is meritless for several reasons. First, we have already decided this issue against him in January 2012. *See Baxter v. United States*, 451 Fed.App'x 868, 870 (11th Cir. 2012) (unpublished). There, Baxter challenged the hold placed on his truck in a civil proceeding in which he initially attacked his sentence under 28 U.S.C. § 2255. *See id.* at 869. In that case, we considered his motion for return of property, requesting damages for the hold placed on his truck, and we concluded that his claim was barred by the six-year statute of limitations under 28 U.S.C. § 2401(a). *See id.* at 869-70. To the extent that he now argues that he is entitled to $7,000 in damages as to his truck, we have already decided the issue, albeit on appeal in a separate civil proceeding. Thus, Baxter's claim is barred by either the law-of-the-case doctrine, or the judicial preclusion against having "two bites of the apple" on appeal. *See Escobar-Urrego*, 110 F.3d at 1561; *Fiallo-Jacome*, 874 F.2d at 1482-83.

Second, even if we were to assume such a claim is not procedurally barred, there is still no indication that our statute of limitations analysis in our prior decision was erroneous. In the earlier appeal, we noted that the hold challenged by Baxter was originally placed in 2003, *see Baxter*, 451 Fed.App'x at 869-70, and he now concedes on appeal that it was released in July 2005. The record also shows that he did not file the present motions until January 2013, more than seven years

6

after the removal date, which exceeds the six-year statute of limitations that we already identified as controlling, in 28 U.S.C. § 2401(a). Thus, the district court lacked jurisdiction to consider Baxter's present motions for the same reasons on which we relied previously. *See Baxter*, 451 Fed.App'x at 870.

Moreover, although Baxter argues in favor of equitable tolling, he has not demonstrated that his failure to timely file was due to extraordinary circumstances both beyond his control and unavoidable even with diligence. Rather, in his brief on appeal Baxter does not offer any explanation as to his failure to timely file. Accordingly, he has not met his burden in establishing that he is entitled to the "extraordinary remedy" of equitable tolling. *See Drew*, 297 F.3d at 1286.

Finally, to the extent Baxter's claim against the government for $7,000, representing the alleged diminution in the value of his truck, is deemed tantamount to a claim for monetary damages, he does not cite a case showing he would have been entitled to recover that amount in any event, as sovereign immunity protects the government from money damages sought under Rule 41(e). *See United States v. Potes Ramirez*, 260 F.3d 1310, 1316 (11th Cir. 2001).

Baxter's second claim—that he was entitled to the $6,253 taken from a third party—is also meritless, but for different reasons. That claim was not barred by the law-of-the-case doctrine, as he did not raise it until he filed the two instant motions. Further, the district court, in denying Baxter's motions, did not

7

specifically address Baxter's claim relating to the $6,253.  However, we can affirm the district court's judgment on any basis supported by the record, *see Miller*, 458 F.3d at 1256, and the record here fails to show that Baxter had standing to pursue a claim for the $6,253.  The record shows that Baxter did not demonstrate that he suffered an actual or threatened injury, the nature of the relationship between the third party and him, or that the third party's rights will be infringed if he is not permitted to enforce them.  Thus, because Baxter met none of these requirements, he did not have standing to vindicate the third party's rights.  *See Harris*, 20 F.3d at 1121-24.  Accordingly, as Baxter did not demonstrate standing in this respect, the district court did not have subject matter jurisdiction over his claim.  *See Florida Wildlife Federation, Inc.*, 647 F.3d at 1302.

 **AFFIRMED.**